UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY L. LYNCH and KAREN S. DUNNING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO.  2:17-cv-00043-JVB-JEM ) |
| SCOTT NOWLAND and KATHY FRANKO, | ) ) ) |
| Defendants. | ) |

## ANSWER TO PLAITIFFS' AMENDED COMPLAINT

Defendant Kathy Franko ("State Defendant"), by her attorneys, hereby submits her Answer to Plaintiffs' Amended Complaint ("Complaint") as follows:

### Nature of Case

1. Plaintiffs are Advanced Practice Nurses who prescribed medications under the supervision of collaborating physicians, as permitted by Indiana law.  They were falsely arrested by federal agents for unlawful practice even though Indian law granted them prescriptive authority.

   **Answer:**  No response is necessary to paragraph 1, which is the introductory statement and merely summarizes the Plaintiff's view of the case, to the extent that an answer is needed, the allegations are denied.

### Jurisdiction

2. This Court has jurisdiction to hear the acts and omissions of the United States pursuant to 28. U.S.C. § 2674.

**Answer:** State Defendant admits that this Court has jurisdiction.  State Defendant denies that relief is appropriate in this case.

3. Plaintiffs timely filed federal Tort Claim Notices, which were denied on June 12, 2017.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegation asserted in paragraph 3 of Plaintiffs' complaint and so denies those allegations.

4. Plaintiffs bring claims against the individuals pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) to redress the Federal Defendants' violations of their rights under the Fourth Amendment of the U.S. Constitution.  This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. § 1333 and § 1343.

    **Answer:**  State Defendant admits that this Court has jurisdiction.  To the extent this paragraph calls for a legal conclusion, no response is required.  Any remaining allegations are denied.

5. Venue is proper in the Hammond Division because the parties reside in this division and the events complained of occurred in this division.

    **Answer:**  State Defendant admits that venue is proper in this judicial district.

## Parties

6. Kathy L. Lynch is an adult citizen of the United States who resides in Porter County, Indiana.

    **Answer:**  State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 6 of Plaintiffs' complaint and so denies those allegations.

7. Karen S. Dunning is an adult citizen of the United States who resides in Porter County, Indiana.

   **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 7 of Plaintiffs' complaint and so denies those allegations.

8. The United States is the sovereign government of this nation. It operates the U.S. Drug Enforcement Administration.

   **Answer:** Paragraph 8 of the complaint contains no allegations that relate to State Defendant and so does not require a response from State Defendant.

9. Scott Nowland is an investigator employed by the United States Drug Enforcement Administration. He is sued in his individual capacity.

   **Answer:** Paragraph 9 of the complaint contains no allegations that relate to State Defendant and so does not require a response from State Defendant.

10. Kathy Franko is an investigator employed by the United States Drug Enforcement Administration. She is sued in his individual capacity.

    **Answer:** State Defendant denies the allegations in paragraph 10 of the complaint.

## Factual Allegations

11. Kathy L. Lynch ("Lynch") is an advanced Practice Nurse, ("APN") licensed at all relevant times by the Indiana Nursing Board.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 11 of Plaintiffs' complaint and so denies those allegations.

12. Karen S. Dunning ("Dunning" is an APN licensed at all relevant times by the Indiana Nursing Board.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 12 of Plaintiffs' complaint and so denies those allegations.

13. Lynch owns a medical clinic, Kouts Health Care, Inc., where both she and Dunning practiced.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 13 of Plaintiffs' complaint and so denies those allegations.

14. For most of the 20th Century, Indiana law permitted no one to prescribe medications other than a physician with an unlimited license to practice medicine.

    **Answer:** Paragraph 14 sets forth a legal conclusion to which no factual response is required. To the extent that any factual response is required, paragraph 14 is denied.

15. Since 1995, however, Indiana law has permitted an array of other healthcare practitioners to prescribe a variety of medications subject to various requirements and conditions.

    **Answer:** Paragraph 15 sets forth a legal conclusion to which no factual response is required. To the extent that any factual response is required, paragraph 15 is denied.

16. Lynch and Dunning met the statutory requirements to obtain prescriptive authority for certain legend drugs and controlled substances.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 16 of Plaintiffs' complaint and so denies those allegations.

.

17. Both were issued Indiana Controlled Substance Registrations.

    **Answer:**  State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 17 of Plaintiffs' complaint and so denies those allegations.

18. Additionally, they entered into collaborative agreements with fully licensed physicians whereby Lynch and Dunning would prescribe medications subject to the review and approval of the collaborating physician.

    **Answer:**  State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 18 of Plaintiffs' complaint and so denies those allegations.

19. Pursuant to Indiana law, these collaborative agreements were filed with the Indiana Nursing Board, which approved them.

    **Answer:**  State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 19 of Plaintiffs' complaint and so denies those allegations.

20. All prescriptions ordered by Lynch and Dunning were written in the name and using the DEA number of a collaborative physician.

    **Answer:**  State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 20 of Plaintiffs' complaint and so denies those allegations.

21. At no point prior to Lynch and Dunning's arrest did the Indiana Nursing Board indicate to them that they (or any other APN) lacked authority to write prescriptions in this manner.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 21 of Plaintiffs' complaint and so denies those allegations.

22. Nonetheless, the U.S. Drug Enforcement Administration ("DEA") commenced an investigation into Plaintiffs for prescribing medicine outside their statutory authority.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 22 of Plaintiffs' complaint and so denies those allegations. Further, some, if not all the allegations contained in paragraph 22 of the complaint are not directed towards State Defendant.

23. At no point did the DEA obtain an advisory opinion or any other ruling from the Indiana Nursing Board that Plaintiff's prescribing practices exceeded what Indiana law or the Board's rules permit.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 23 of Plaintiffs' complaint and so denies those allegations. Further, some, if not all the allegations contained in paragraph 23 of the complaint are not directed towards State Defendant.

24. Defendants Scott Nowland ("Nowland") and Kathy Franko ("Franko") were the DEA's lead investigators in that investigation.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 24 of Plaintiffs' complaint and so denies those

allegations. Further, some of the allegations contained in paragraph 24 of the complaint are not directed towards State Defendant.

25. Based on a Probable Cause Affidavit written by Nowland, and based on evidence collected in part by Franko, Lynch and Dunning were arrested on or about February 2, 2015 and charged with multiple crimes, including conspiracy to deal in a controlled substances, a Class B felony.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 25 of Plaintiffs' complaint and so denies those allegations. Further, some of the allegations contained in paragraph 25 of the complaint are not directed towards State Defendant.

26. Lynch's charges proceeded to a jury trial in Porter County, Indiana, where she was acquitted of all charges.

    **Answer:**  State Defendant admits that Lynch's charges proceeded to a jury trial in Porter County, Indiana.  The verdict rendered by the jury speaks for itself.

27. All charges against Dunning were subsequently dismissed.

    **Answer:**  State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 27 of Plaintiff's complaint and so denies these allegations.  State Defendant's reserve the right to amend the answer, if and when necessary, as information becomes available in discovery.

28. At all relevant times Nowland and Franko acted under color of Indiana and federal law and within the scope of their employment of the DEA.

    **Answer:**  Paragraph 28 sets forth a legal conclusion to which no factual response is required.  To the extent that any factual response is required, paragraph 28 is denied.

29. The arrest of Lynch and Dunning resulted in the destruction of their respective reputation and careers.

    **Answer:** State Defendant lacks knowledge or information to form a belief about the truth of the allegations asserted in paragraph 29 of Plaintiffs' complaint and so denies those allegations.

## Legal Claim

30. The acts and omissions of Scott Nowland and Kathy Franko, constitute false arrest and malicious prosecution in violation of the Fourth Amendment.

    **Answer:** State Defendant denies the allegation in paragraph 30. Further, some of the allegations contained in paragraph 30 of the complaint are not directed towards State Defendant.

31. The DEA was negligent in its supervision of Nowland and Franko.

    **Answer:** To the extent an allegation has been made against State Defendant, she denies the allegations in paragraph 31 of the complaint. Further, some of the allegations contained in paragraph 31 of the complaint are not directed towards State Defendant.

32. The DEA is liable under the principal of *respondeat superior* for the acts and omissions of Nowland and Franko.

    **Answer:** To the extent an allegation has been made against State Defendant, she denies the allegations in paragraph 32 of the complaint. Further, some of the allegations contained in paragraph 32 of the complaint are not directed towards State Defendant.

33. Nowland and Franko conspired with each other, with the DEA, and with state and local authorities to deprive Plaintiffs of their civil rights, in violation of 42 U.S.C. § 1985.

**Answer:** State Defendant denies the allegations in paragraph 33 of the complaint. Further, some of the allegations contained in paragraph 33 of the complaint are not directed towards State Defendant.

### Relief

34. Plaintiffs seek all relief allowable by law, including compensatory and punitive damages, costs, and attorneys fees.

    **Answer:** State Defendant denies the Plaintiffs are entitled to the requested relief or any relief whatsoever.

### GENERAL DENIAL AND RESERVATION

1. Any additional allegations in the Complaint not specifically admitted by the above responses are denied.

2. State Defendant reserves any and all rights she may have to amend her Answer in this case.

### STATEMENT OF DEFENSES

1. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' rights, privileges, and immunities secured under the Constitution or laws under the United States, have not been violated by any alleged action(s), inaction, or omission of the State Defendant.

3. State Defendant is entitled to qualified immunity from damages under 42 U.S.C. § 1983 with respect to any claim brought by Plaintiffs based upon federal constitutional

principles or federal law because her actions were objectively reasonable and did not violate clearly established principles of law.

4. State Defendant at all times acted reasonably, without malice, and in good faith.

5. Relief is barred because the Plaintiffs have unclean hands.

6. Probable cause for Plaintiffs' arrest and prosecution existed.

7. Plaintiffs are barred from recovering damages from State Defendants to the extent such damages were the proximate result or contributed to by the actions or inactions of other individuals.

8. State Defendant acted in accordance with her authority pursuant to state and federal law.

9. The claims alleged to arise under 42 U.S.C. § 1985 fail to state an actionable claim for relief because the Plaintiffs do not allege to be either a member of a racial minority or a federal officer.

10. State Defendant reserves any and all right she may have to raise additional defenses as discovery in this cause continues and is ongoing.

**WHEREFORE**, State Defendant respectfully requests that Plaintiffs take nothing by way of their Complaint, that judgment be entered for State Defendant, and that the Court Grant all other just and proper relief.

Respectfully submitted,

CURTIS T. HILL, JR.
Indiana Attorney General
Attorney No. 13999-20

By: *s/ Jill E. Esenwein*
Jill E. Esenwein
Deputy Attorney General
Attorney No. 34291-20

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN  46204-2770
Phone: (317) 234-7019
Fax:    (317) 232-7979
Email:  Jill.Esenwein@atg.in.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

  Jeffrey S. McQuary
  Brown Tompkins Lory
  608 East Market Street
  Indianapolis, Indiana 46202

                                            *s/ Jill E. Esenwein*
                                            Jill E. Esenwein
                                            Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN  46204-2770
Phone: (317) 234-7019
Fax:    (317) 232-7979
Email:  Jill.Esenwein@atg.in.gov