UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KATHY L. LYNCH and KAREN S. DUNNING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:17-CV-00043 JVB |
| | ) | |
| SCOTT NOWLAND, KATHY FRANKO and the UNITED STATES, OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Plaintiffs, Kathy Lynch and Karen Dunning, bring this action against Scott Nowland, an employee of the United States Drug Enforcement Administration, (DEA), Kathy Franko, an employee of Indiana State Police,[1] and the United States of America.  Plaintiffs Amended Complaint asserts a *Bivens* claim against Nowland and Franko for false arrest and malicious prosecution.  It seeks redress against the United States pursuant to: (1) the Federal Torts Claims Act for false arrest, malicious prosection and negligent supervision (of Nowland); (2) *respondeat superior* liability*;* and (3) 42 U.S.C. § 1985 for conspiracy by the *Bivens* Defendants.  As demonstrated below, applying the pleading principles set

---

[1] Plaintiffs erroneously identify Franko as an employee of the DEA.  The Indiana Attorney General's Office has entered an appearance of behalf of Franko.  At all times relevant herein, and as identified in paragraph 27 of Exhibit 1, Franco was an employee of the Indiana State Police.

forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Plaintiffs have failed to plead facts from which the Court can reasonably infer Nowland violated their constitutional or statutory rights, nor did he commit any state law torts for which the United States may be held liable.

The government has submitted the following Exhibits in support of its motion to dismiss:

> Exhibit 1 - Affidavit of Probable Cause for Arrest Warrant (Lynch)
> Exhibit 2 - Affidavit of Probable Cause for Arrest Warrant (Dunning)
> Exhibit 3 - Order finding probable cause for issuance of arrest warrant for Lynch
> Exhibit 4 - Order finding probable cause for issuance of arrest warrant for Dunning
> Exhibit 5 - Federal Tort Claim Notice (Lynch)
> Exhibit 6 - Federal Tort Claim Notice (Dunning)

The Court may consider these Exhibits in deciding a Rule 12(b)(6) motion under the incorporation-by-reference doctrine or, with respect to Exhibits 1 through 4, by taking judicial notice of state court filings. Under the incorporation-by-reference doctrine, the Court in deciding a Rule 12(b)(6) motion may consider, in addition to the Amended Complaint, any documents mentioned in the Amended Complaint. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The doctrine is designed to prevent a plaintiff from evading dismissal "simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Tierney v. Vahie*, 304 F.3d 734, 738 (7th Cir. 2002).

Plaintiffs refer to the Probable Cause Affidavits in their amended complaint. Likewise, the plaintiffs refer to their arrest.  At paragraph 25 of the Amended Complaint, plaintiffs refer to "a Probable Cause Affidavit written by Nowland." Also in paragraph 25 of the Amended Complaint, plaintiffs allege that based in part on the probable cause affidavits, plaintiffs were arrested.  The arrests were made pursuant to the Orders of the Porter Superior Court that expressly found probable cause.  Plaintiffs also refer to their federal tort claims.  Amended Complaint, ¶ 3.  Therefore, under the doctrine of incorporation, the Probable Cause Affidavits (Exhibits 1 and 2), the court Orders finding probable cause (Exhibits 3 and 4) and federal Tort Claim Notices (Exhibits 5 and 6)  are properly considered by this Court.

In addition, the Court in deciding a motion to dismiss for failure to state a claim may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned.  *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492–93 (7th Cir. 2011); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). Exhibits 1 through 4 are filed-marked copies of the probable cause affidavits and judicial orders finding probable cause with respect to the arrests of Plaintiffs.

For all these reasons, the Court should dismiss the Amended Complaint against Nowland and the United States under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## FACTUAL ALLEGATIONS

According to the Amended Complaint, Lynch and Dunning are Advanced Practice Nurses who prescribed medications under the supervision of collaborating physicians. Amended Complaint, ¶ 1. Lynch owned Kouts Health Care, Inc. *Id*. ¶ 13. Dunning practiced at Kouts Health Care, Inc. *Id*. Both were issued Indiana Controlled Substance Registrations. *Id.* ¶ 17. In their practice, the plaintiffs prescribed certain legend drugs and controlled substances. *Id*. ¶ 16. Plaintiffs had collaborative agreements with fully licensed physicians pursuant to which they prescribed medications subject to the review and approval of the collaborating physicians. *Id*. at 18. The collaborative agreements were filed with the Indiana Nursing Board (the "Board") which approved them. *Id*. ¶ 19. All prescriptions written by Plaintiffs were in the name of and using the DEA number of a collaborative physician. *Id*. ¶ 20. At no point prior to Plaintiffs' arrests did the Board indicate that Plaintiffs lacked authority to write prescriptions in the manner they were doing so. *Id*. ¶ 21.

Scott Nowland is an employee of the Drug Enforcement Agency (DEA). *Id*. ¶ 9. DEA commenced an investigation of plaintiffs for prescribing drugs outside

their legal authority.  *Id*. ¶ 22.  At no point did the DEA obtain an advisory opinion or ruling from the Board that Plaintiffs' prescribing practices exceeded what Indiana law or the Board's rules permit.  *Id*. ¶ 23.  Nowland and Franko were the investigators.  *Id*.  ¶ 24.

Based on probable cause affidavits written by Nowland and evidence collected by Franko, the Plaintiffs were arrested and charged with multiple felonies.  *Id*.  ¶ 25.

*The Lynch Affidavit*

The probable cause affidavit for the arrest of Lynch recited, in part, that according to the Indiana Professional Licensing Agency, Lynch was not an Advanced Practice Nurse until August 12, 2014.  Exh. 1, ¶ 23.   Prior to that time, she was a registered nurse.  *Id*.   Under Indiana Code (I.C.) § 35-48-4-2, only a physician may treat a patient with a Schedule III or Schedule IV controlled substance for the purpose of weight reduction or to control obesity.[2]  *Id*. ¶ 11. Phendimetrazine is a Schedule III controlled substance and phentermine is a Schedule IV controlled substance.  *Id*. ¶s 16, 17.   In several instances prior to becoming an Advanced Practice Nurse, Lynch prescribed the controlled substances phendimetrazine or phentermine to patients to help with weight loss.  *Id*. ¶s 33, 34,

---

[2]  I.C. § 35-48-4-2 was amended effective July 1, 2015, allowing APNs to prescribe such drugs. The probable cause affidavit only references prescriptions by Lynch and Dunning prior to the amendment.

35, 36.  According to the INSPECT records reviewed by Nowland, there were 860 prescriptions of phentermine and 787 prescriptions for phendimetrazine written using Dr. Lauren Harting's DEA registration.  *Id*. ¶ 21.  To her surprise, Dr. Harting learned from a drug sales representative that he was the second largest prescriber of controlled substances for weight loss in Northwest Indiana.  *Id*. ¶ 30. Lynch was never registered with the DEA to prescribe controlled substances.  *Id*. ¶ 23.  Even as an Advance Practice Nurse, under Indiana Law, 848 IAC 5-1-1, Lynch did not have authority to prescribe controlled substances without a DEA Registration.  *Id*. ¶ 15.

### The Dunning Affidavit

The probable cause affidavit for the arrest of Dunning recited, in part, that Dunning was employed at Kouts Health Care, Inc., owned and operated by Kathy Lynch.  Exh. 2, ¶ 7.  Dunning has been an Advanced Practice Nurse since 1998. *Id*. ¶23. However, even as an Advance Practice Nurse, Dunning did not have authority to prescribe controlled substances for the purpose of weight loss.  *Id*. ¶ 15.  Under I.C. § 35-48-4-2, only a physician may treat a patient with a Schedule III or Schedule IV controlled substance for the purpose of weight reduction or to control obesity.  *Id*. ¶ 11.  Phendimetrazine is a Schedule III controlled substance, and phentermine is a Schedule IV controlled substance.  *Id.* ¶s. 16, 17.  Dunning entered into a collaborative agreement with Dr. Myrna Trowbridge.  *Id*. ¶ 24.  Dr.

Trowbridge retired on January 4, 2011 and died on October 4, 2012. *Id*. The INSPECT records show that fifty patients of KFHC filled prescriptions for controlled substances under Dr. Trowbridge's DEA registration number after Dr. Trowbridge's retirement and death. *Id*. In addition, there were 955 prescriptions for phentermine and 1,093 prescriptions for phendimetrazine written using Dunning's DEA number in 2012 and 2013. *Id*. ¶ 32. According to the INSPECT records reviewed by Nowland during the investigation, there were 860 prescriptions of phentermine and 787 prescriptions for phendimetrazine written using Dr. Lauren Harting's DEA registration in 2012 and 2013. *Id*. ¶ 33.

Porter Superior Court Judge Roger Bradford found probable cause existed for the issuance of arrest warrants for Lynch and Dunning based on Nowland's probable cause affidavits. Exhibits 3 and 4 attached hereto. The charges against Lynch proceeded to trial in Porter County, Indiana, and resulted in an acquittal. *Id*. ¶ 26. The charges against Dunning were subsequently dismissed. *Id.* at ¶ 27.

## MOTION TO DISMISS STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the ultimate merit of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a Rule 12(b)(6) motion, the Court accepts as true all "well-pleaded non-conclusory factual allegation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *see also Bell Atl. Corp.*

7

*v. Twombly*, 550 U.S. 544, 555-556 (2007). However, the Court need not accept the complaint's legal conclusions. *Iqbal*, 556 U.S. at 678. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 ("labels and conclusions" or other simple assertions without supporting facts are not enough). Thus, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Similarly, the Court is free to disregard factual allegations in the complaint that are contradicted by documents that are either attached to the complaint, or referenced in the complaint and attached to a defendant's motion to dismiss. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

Under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), plaintiffs may under some circumstances sue federal government employees in their individual capacities for alleged violations of the United States constitution. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-1855 (2017). In the context of a *Bivens* suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In *Iqbal*, itself a *Bivens* suit, the Supreme Court found that a complaint should have been dismissed because it did "not contain any factual allegation sufficient to plausibly suggest" that the individual defendants had the state of mind necessary to state a constitutional tort claim. *Id.* at 683. When a complaint makes only

conclusory claims of misconduct by a governmental actor, it is properly dismissed. *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013); *Brooks v. Ross*, 578 F.3d 574, 580-582 (7th Cir. 2009).

## ARGUMENT

### I.    The court should dismiss all claims arising under *Bivens*.

At paragraph 30 of the Amended Complaint, plaintiffs allege Nowland's (and Franko's) actions constitute false arrest under the Fourth Amendment. However, because probable cause is an absolute defense to claims of false arrest and there was a finding of probable cause in this case, the Amended Complaint fails to state a claim upon which relief can be granted.

### A.  False Arrest

A person arrested pursuant to a facially valid warrant cannot prevail in a false arrest suit even if the warrant later proves to have an inadequate foundation. *Baker v. McCollan*, 443 U.S. 137, 143 (1979); *Beard v. City of Northglenn*, 24 F.3d 110 (10th Cir. 1994). This is true even if the law enforcement officer's negligence led to the arrest warrant.  *Snyder v. United States*, 990 F. Supp. 2d 818, 836-846 (S.D. Ohio 2014), *aff'd*, 590 Fed. App. 505, 506-508 (6th Cir. 2014).  An exception exists, however, if a law enforcement officer intentionally lied to obtain the warrant or knew the warrant issued without probable cause. *Malley v. Briggs*, 473 U.S. 335, 345; *Juriss v. McGowan*, 957 F.2d 345, 350-351 (7th Cir. 1992).

Here plaintiffs do not allege that Nowland intentionally lied about any facts in his probable cause affidavit. The Amended Complaint does not allege false testimony by Nowland. The Amended Complaint does take issue with the failure of DEA to seek "an advisory opinion or other ruling from the Indiana Nursing Board that Plaintiffs prescribing practices exceeded what Indiana law or the Board's rules permit." Amended Complaint ¶ 23. The allegation does not assert Nowland lied in the probable cause affidavits filed in the case. Nor does the allegation show that Nowland knew there was no probable cause. Moreover, the allegation ignores the fact that under Indiana law, I.C. § 35-48-4-2, only a physician may treat a patient with phendimetrazine (a Schedule III controlled subtance or phentermine (a Schedule IV controlled substance) for the purpose of weight reduction or to control obesity. *See* Exhs. 1 and 2, ¶s 11, 16, 17. The probable cause affidavits set out multiple instances where Lynch and Dunning prescribed phendimetrazine and phentermine in violation of Indiana law. Exh. 1, pgs 8-12; Exh. 2 pgs 10-11.

Furthermore, any state law or Fourth Amendment claim based on plaintiffs' arrest fails because the arrest occurred after, and in response to, a judicially determined finding of probable cause. Exhibits 3 and 4. Probable cause exists when at the moment of arrest, authorities have knowledge and information sufficient to warrant a belief in a prudent person that the suspect committed an

offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Here a state court judge found that the facts alleged in the affidavit provided probable cause to believe plaintiffs had committed the crimes. The fact that an experienced state court judge independently found the facts alleged supported probable cause defeats any claim of false arrest.

### B. Malicious prosecution

In paragraph 30 of the Amended Complaint, plaintiffs allege that the acts of Nowland (and Franco) constitute malicious prosecution in violation of the Fourth Amendment. However, plaintiffs' Amended Complaint does not plead facts sufficient to find that Nowland intentionally or maliciously instituted a criminal action he knew was unjustified.

Under the Fourth Amendment, a defendant can raise a malicious prosecution claim based on fabricated evidence or the absence of probable cause. *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017). If probable cause exists, then there is no grounds for a claim of malicious prosecution. *Terket v. Lund*, 623 F.2d 29, 31 (7th Cir. 1980). In this case, there was a probable cause finding and no allegation that any evidence was fabricated.

### II.     The Court should dismiss all claims against the United States

Plaintiffs Amended Complaint seeks to impose liability on the United States on grounds of negligent supervision and under the doctrine of *respondeat superior* for the actions of Nowland. Amended Complaint, ¶s 31, 32. The

Amended Complaint also alleges that Plaintiffs filed federal Tort Claim Notices which were denied. *Id.* ¶ 3.   The government has attached as Exhibits 5 and 6, the Tort Claim Notices, which the Court can consider under the incorporation-by reference doctrine.

The Federal Government cannot be sued without its consent. *United States v. Navajo Nation*, 556 U.S. 287, 289, 129 S. Ct. 1547, 173 L. Ed. 2d 429 (2009).  The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976).

As more fully argued below, the claims against the United States fail to state a claim under the FTCA for false arrest and malicious prosecution, because under Indiana law no such claims exist if there was a judicial finding of probable cause.  The claim for negligent supervision must be dismissed because: (1) Plaintiffs failed to submit an administrative claim for negligent supervision and (2) the state court's finding of probable cause precludes any claim of negligent supervision.  Finally, the FTCA provides the exclusive remedy against the United States for alleged state torts committed by its employees.  The doctrine of *respondeat superior* is inapplicable to actions against the United States of America.

## A. False Arrest and Malicious Prosecution

Under Indiana law, false arrest occurs when a defendant "arrests a plaintiff in the absence of probable cause." *Earles v. Perkins*, 788 N.E.2d 1260, 1265 (Ind. Ct. App. 2003). Thus, the existence of probable cause is an absolute defense to an Indiana wrongful arrest claim. *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Ocasio v. Turner*, 19 F. Supp. 3d 841, 853 (N.D. Ind. 2014); *Ocasio v. Turner*, 19 F. Supp. 3d 841, 853 (N.D. Ind. 2014). The exhibits establish there was a finding of probable cause. See Exhibits 3 and 4. There is no allegation in the Amended Complaint that the finding of probable cause was based on false testimony. It follows that the Amended Complaint fails to state a claim for false arrest.

Similarly, under Indiana law, to prevail on a malicious prosecution claim, a plaintiff must show that: (1) the defendant caused an action to be instituted against the plaintiff; (2) the defendant acted with malice; (3) there was no probable cause to institute the action; and (4) the action terminated in plaintiff's favor. *Lazarus Dep't Store v. Sutherlin*, 544 N.E.2d 513, 519 (Ind. Ct. App. 1989). If probable cause exists, then there is no grounds for a claim of malicious prosecution. *Terket v. Lund*, 623 F.2d 29, 31 (7th Cir. 1980). In this case, there was a probable cause finding.

### B.  Negligent Supervision

Plaintiffs raise a claim that the DEA negligently supervised the *Bivens* Defendants.  Amended Complaint, ¶ 31.  Pursuant to 28 U.S.C. § 2675(a), a claimant suing the United States must make a claim to the particular federal agency as a first step, and only upon denial of a claim can a plaintiff then sue.  *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015).  The administrative claim must be specific and in detail in order to allow the federal agency, a "legally sophisticated reader," sufficient notice of the alleged injury and specific conduct of the agency that caused the injury.  *LeGrande v. United States*, 687 F.3d 800, 813 (7th Cir. 2012).  The administrative claim must state the facts in detail and attach a certain sum, in order to provide sufficient notice for the agency to investigate the claim before litigation.  *Charlton v. United States*, 743 F.2d 557, 559–60 (7th Cir. 1984).

Plaintiffs have filed administrative claims that were denied.  Am. Compl. ¶ 3.  The administrative claims filed by Lynch and Dunning expressly base their claim on allegations of false arrest and malicious prosecution.  Nowhere do the claims assert liability for the conduct of some other DEA employees for negligent supervision.   See Exhs 5 and 6.

While the claims do have facts and a specific amount, the claims fail to provide the requisite notice to the DEA to investigate the claim.  *See Khan*, 808

F.3d at 1172; *Charlton*, 743 F.2d at 559–60; *LeGrande*, 687 F.3d at 813.  Nowhere

does either claim reference or allude to negligent supervision of Nowland (and

Franko) by DEA.  The tort claims do not allege enough facts to sufficiently provide

the DEA notice that the plaintiffs are claiming a lack of supervision by the DEA as

a basis for liability.  Thus, the negligent supervision charge should be dismissed for

failure to pursue an administrative claim.  *LeGrande*, 687 F.3d at 813.

Second, the negligent supervision claim is presumably based on Nowland's

(and Franco's) investigation that led to the arrest and prosecution of the plaintiffs.

However, probable cause existed for arrest and prosecution and probable cause is

an absolute defense to claims of false arrest.  *Chelios* at 685.  Because there was

probable cause for arrest and prosecution, Nowland (nor Franco) did not acted

negligently or commit any intentional tort.  Therefore, Plaintiffs fail to state a

claim for negligent supervision.

### C. *Respondeat superior* is not a cause of action against the United States of America.

Plaintiffs also advance a claim that the DEA is liable under a theory of

*respondeat superior* for the acts and omissions of Nowland (and Franko).

Amended Complaint, ¶ 32.  *Respondeat superior* makes an employer liable for the

employee's acts when committed within the scope of employment.  *See*

*Respondeat Superior*, Black's Law Dictionary (10th ed. 2014).

However, under the FTCA and the Westfall Act, the United States already

15

stands in the place of the government employee.  *See* 28 U.S.C. § 2679(d);

*Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420-23 (1995) (explaining the

process of substitution of the United States for torts arising from during the scope

of employment).  The naked allegation that the government is liable under the

theory of *respondeat superior* adds nothing because the government is already

liable for the negligent acts of its employees committed in the scope of their

employment.

 *Respondeat superior* does not create liability beyond the FTCA.  Plaintiffs

have not pled any waiver of sovereign immunity beyond the FTCA to support a

claim of *respondeat superior*.  *Respondeat superior* passes liability for the acts of

employees to the employer.  It is not an independent cause of action.  The FTCA

via the Westfall Act already incorporates and substitutes the United States for the

torts of government employees arising during the scope of employment.  *See* 28

U.S.C. § 2679(d) (2012); 28 U.S.C. § 2671(2012); 28 U.S.C. § 2674 (2012);

*Lamagno* at 420-23.

 As previously stated, probable cause is an absolute defense to a false arrest

suit.  Lynch and Dunning were arrested pursuant to a finding of probable cause by

the Porter Superior Court Judge.   If there is no false arrest, Rowland (and Franco)

did nothing wrong.  If Rowland (and Franco) did nothing wrong, there is no

liability for the United States based on the actions of Rowland (and Franco)

regardless of *respondeat superior*.

### III. The Amended Complaint fails to state a claim under 42 U.S.C. § 1985.

Plaintiffs Amended Complaint also advances a claim under 42 U.S.C. § 1985, claiming a conspiracy by the *Bivens* Defendants. Amended Complaint, ¶ 33. The Amended Complaint does not specify under which section of 42 U.S.C. § 1985 the action is brought. Section 1985(1) is a conspiracy to stop officers from executing their duties while a Section 1985(2) conspiracy is to interfere with the workings of justice and the judicial process. Clearly, neither of these subsections are in play here. Section 1985(3) entails a conspiracy to deprive rights or privileges and is applicable to both state and federal governments and actors. A Section 1985(3) claimant mush show: (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or property or a deprivation of any right or privilege of a citizen of the United States. *Quinones v. Szorc*, 771 F.2d 289, 290–91 n.1 (7th Cir. 1985).

Beyond these elements, a Section 1985(3) conspiracy must also have a racial or class-based discriminatory animus. *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016). Additionally, a conspiracy, at its base, requires an agreement, in this case, an agreement to commit the unlawful act in pursuit of a joint objective.

*Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007).   The *Stevens* court best

stated the permutations of a 1985(3) conspiracy:

> (1) Racially- [or class]-motivated private conspiracies to deprive persons of
>
> rights secured to all by federal law. . . (2) Racially- [or class]-motivated
>
> private conspiracies to deprive persons of rights secured to all by state law,
>
> where the deprivation interferes with the exercise of a federally-protected
>
> right. . . (3) Racially- [or class]-motivated conspiracies to deprive persons of
>
> rights secured only against governmental action (such as the right of free
>
> speech), provided the defendants are either "state actors" or seeking to
>
> influence the state to act in a prohibited way.

*Stevens v. Tillman*, 855 F.2d 394, 404 (7th Cir. 1988) (citations omitted)

The Amended Complaint falls short of alleging the facts required for a

1985(3) conspiracy.  First, nowhere does the Amended Complaint allege or

indicate that the reason for the arrest or investigation was racial or class animus.

The Amended Complaint lacks any mention Plaintiffs' race.  Although gender is a

class, nowhere does the Amended Complaint allege facts or a basis for inferring

that animus toward Plaintiffs' gender motivated the investigation or arrest.  The

absence of any facts alleging racial or class animus precludes any claim based on a

Section 1985(3) conspiracy.  Further, Section 1985(3) requires an agreement to

commit an unlawful act, presumably the false arrest and malicious prosecution of

Plaintiffs.  As previously argued, there was no false arrest and malicious

prosecution since there was probable cause.

## CONCLUSION

For the foregoing reasons, this Court should dismiss plaintiffs' Amended

Complaint.

Respectfully submitted,

CLIFFORD D. JOHNSON
ACTING UNITED STATES ATTORNEY

By:     /s/ Robin Morlock
        Robin Morlock
        Assistant United States Attorney
        5400 Federal Plaza, Suite 1500
        Hammond, IN 46320
        Tele: (219) 937-5500; Fax: (219) 852-2770
        Email: Robin.Morlock@usdoj.gov


By:     /s/ Orest Szewciw
        Orest Szewciw
        Assistant United States Attorney
        5400 Federal Plaza, Suite 1500
        Hammond, IN 46320
        Tele: (219) 937-5500; Fax: (219) 852-2770
        Email: orest.szewciw@usdoj.gov