# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

KATHY L. LYNCH, and KAREN S.     )
DUNNING,     )
        Plaintiffs,     )
    )
        v.     )    CAUSE NO.: 2:17-CV-43-JVB-JEM
    )
SCOTT NOWLAND, KATHY FRANKO,     )
and UNITED STATES acting by and through     )
its Drug Enforcement Administration,     )
        Defendants.     )

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 28], filed by Defendants United States of America and Scott Nowland on August 23, 2017, and on State Defendant's Motion for Judgment on the Pleadings [DE 39], filed by Defendant Kathy Franko on November 21, 2017. Plaintiffs Kathy L. Lynch and Karen S. Dunning filed a response to the Motion to Dismiss on October 3, 2017, and the Government and Nowland filed a reply on October 17, 2017. Lynch and Dunning filed a response to the Motion for Judgment on the Pleadings on November 21, 2017, and Franko filed a reply on December 5, 2017.

## BACKGROUND

In their Amended Complaint, Lynch and Dunning state that they are bringing claims of false arrest and malicious prosecution in violation of the Fourth Amendment to the United States Constitution, negligent supervision by the Drug Enforcement Agency (DEA) of Nowland and Franko, *respondeat superior* liability of the DEA for Nowland and Franko's acts and omissions, and conspiracy by Nowland, Franko, the DEA, and state and local authorities to deprive Lynch and Dunning of their civil rights in violation of 42 U.S.C. § 1985.

Lynch and Dunning allege the following in their Amended Complaint. Lynch and Dunning are Advanced Practice Nurses with authority under Indiana law to prescribe medications under the supervision of collaborating physicians. The DEA investigated Lynch and Dunning for prescribing medicine outside of their statutory authority without seeking an advisory opinion or other ruling from the Indiana Nursing Board regarding whether Lynch and Dunning were exceeding their authority. Nowland and Franko were the lead investigators. Lynch and Dunning were arrested on or about February 2, 2015, and charged with, among other offenses, conspiracy to deal in controlled substances. Lynch was acquitted at trial, and all charges against Dunning were dismissed.

## LEGAL STANDARDS

### A.      Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**B.      Motion for Judgment on the Pleadings**

A party can move for judgment on the pleadings after the filing of both the complaint and answer. Fed. R. Civ. P. 12(c). "A court will grant a Rule 12(c) motion only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718-19 (7th Cir. 2002) (citation omitted). A court will take all the alleged facts in the complaint as true, drawing all reasonable inferences in favor of the non-moving party. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). In a Rule 12(c) motion, courts use the same standard of review as employed in a Rule 12(b)(6) motion to dismiss. *Id.* (citing *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004)).

**ANALYSIS**

**A.      Exhibits**

As a general rule, evidence cannot be submitted to the Court for consideration in ruling on a motion brought under Rule 12(b)(6). The Government and Nowland have submitted six exhibits

with their Rule 12(b)(6) motion to dismiss, and they contend that these exhibits may be considered

under two exceptions to the general rule: judicial notice and incorporation by reference.

The exhibits in question are:

1. Nowland's January 29, 2015 Affidavit of Probable Cause for Arrest Warrant in support of an arrest warrant for Lynch;

2. Nowland's January 29, 2015 Affidavit of Probable Cause for Arrest Warrant in support of an arrest warrant for Dunning;

3. The February 4, 2015 Order for the issuance of a warrant for Lynch's arrest;

4. The February 4, 2015 Order for the issuance of a warrant for Dunning's arrest;

5. Lynch's September 22, 2016 Claim for Damage, Injury, or Death submitted to the DEA; and

6. Dunning's December 7, 2016 Claim for Damage, Injury, or Death submitted to the DEA

*1.     Judicial Notice*

Federal Rule of Evidence 201 provides that the Court must take judicial notice of a fact if

requested to do so by a party and the necessary information has been supplied. Fed. R. Evid.

201(c)(2). Judicial notice is proper when a fact "is not subject to reasonable dispute because it . . .

can be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned." *Id.* at 201(b).

Exhibits 1 through 4 are documents that were filed in Porter County, Indiana, Superior

Court. Additionally, exhibits 1 and 3 also bear the signature of a deputy clerk of that court

indicating that the document is a true copy of the court record. Judicial orders are a proper subject

for judicial notice. *In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (Easterbrook, J. in chambers).

Thus, the Court takes judicial notice of the orders for arrest warrants.

Turning to the probable cause affidavits, Lynch and Dunning admit that "the authenticity

of the Probable Cause Affidavits and orders finding probable cause are not in doubt." (Br. Opp'n

4

U.S.'s Mot. Dismiss 7, ECF No. 34). Accordingly, it is not reasonably in dispute that the probable cause affidavits exist and that they contain the statements as represented in the exhibits. Therefore, the Court finds it appropriate to take judicial notice that Nowland's probable cause affidavits exist and that the documents say what they say. *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012).

The Court notes that Lynch and Dunning dispute the veracity of Nowland's statements in his affidavits. In taking judicial notice of the affidavits' existence and the statements that they contain, the Court does not take judicial notice that any particular matter attested to in the affidavits is factually accurate. *See In re Lisse*, 905 F.3d at 496-97 (Easterbrook, J. in chambers).

2.      *Incorporation by Reference*

Under the incorporation by reference doctrine, "if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The document in question must be central to the plaintiff's claim. *Id.* (citing *Wright v. Assoc. Inc. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)).

In their Amended Complaint, Dunning and Lynch mentioned their federal Tort Claim Notices, (Am. Compl. ¶ 3, ECF No. 17), and "a Probable Cause Affidavit written by Nowland" that led to Lynch's and Dunning's arrests, *id.* at ¶ 25.

Lynch and Dunning maintain that these documents are improper documents for the incorporation by reference doctrine. First, they contend, they "can offer ample evidence to show that allegations contained in Probable Cause Affidavits are erroneous or misleading and that Nowland omitted relevant, exculpatory information from them." (Br. Opp'n U.S.'s Mot. Dismiss

5, ECF No. 34). Second, Lynch and Dunning assert that the Probable Cause Affidavits and the federal Tort Claim Notices are not central to Lynch's and Dunning's claims.

As to the first argument, that Lynch and Dunning argue that Nowland's statements are erroneous or misleading is not a reason to not incorporate the documents. Lynch and Dunning could make such allegations as part of a claim, but for that to be effective, it would need to be included in the complaint. It is not a reason to not allow incorporation by reference.

The second argument is on point, though it ultimately fails. Documents must be central to a claim in order to be incorporated by reference. Though the Court has already found that judicial notice of the existence of the probable cause affidavits is proper, the Court also finds that they are properly considered for the motion to dismiss under the doctrine of incorporation by reference.

Though the Amended Complaint refers to "a probable cause affidavit," the Court finds that this must be construed as covering both of Nowland's probable cause affidavits because the Amended Complaint states that the "affidavit" underpinned the arrests of both Lynch and Dunning, and separate affidavits were used in seeking arrest warrants for Lynch and Dunning.

Lynch and Dunning explicitly state that "[a]ll their claims sound in the nature of false arrest." (Br. Opp'n U.S.'s Mot. Dismiss 4, ECF No. 34). If there was probable cause to arrest Lynch and Dunning, then claims for false arrest and malicious prosecution fail as a matter of law. *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015). Where a person is arrested pursuant to a facially valid arrest warrant, that person can prevail on a false arrest claim only "where officers responsible for bringing about an unlawful arrest knew that the arrest had issued without probable cause." *Williamson v. Curran*, 714 F.3d 432, 443-44 (7th Cir. 2013) (quoting *Juriss v. McGowan*, 957 F.2d 345, 350-51 (7th Cir. 1992)).

Thus, the issue of whether probable cause existed for the arrests of Lynch and Dunning is central to their claims of false arrest. Accordingly, and in light of the law cited above, the probable cause affidavit is a document that is central to Lynch's and Dunning's claims of false arrest. The information Nowland attested to in his affidavit was referred to in the orders for issuances of the warrants for Lynch's and Dunning's arrests. The incorporation by reference doctrine provides a second, independent basis for consideration of the probable cause affidavits in ruling on the pending motion to dismiss. As with judicial notice, however, this does not mean that the Court accepts as true the matters attested to in the affidavit.

Regarding the federal tort claim notice, the timely filing of such a notice is required for Lynch and Dunning to be able to prevail on their claims. *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786. Accordingly, the Court finds that the federal tort claim notice is central to Lynch's and Dunning's claims. *Cf. Smith v. Jupiter Aluminum Corp.*, No. 2:09-cv-356, 2010 WL 4318539 at *1 (Oct. 26, 2010) (incorporating by reference the plaintiff's EEOC claim, which was referenced but not attached to the complaint, because the claim was essential). Therefore, the Court finds that the federal tort claims notices are incorporated by reference.

The argument that Lynch's and Dunning's passing reference to their arrest is sufficient to incorporate by reference the state court orders for the issuance of arrest warrants is insufficient to justify the application of the doctrine to those orders, but, as the Court has already found, those orders are proper subjects for judicial notice.

Therefore, the Court will consider exhibits 1 through 6.

**B.** **Lynch's and Dunning's Claims**

*1.* *Malicious Prosecution*

Lynch and Dunning purport to bring claims of false arrest in violation of the Fourth Amendment pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Under *Bivens*, "a violation of the Fourth Amendment by a federal agent acting under color of federal authority gives rise to a cause of action for damages flowing from the unconstitutional conduct." *Case v. Milewski*, 327 F.3d 564, 568 (7th Cir. 2003). The elements of a *Bivens* claim are the same elements as an analogous 42 U.S.C. § 1983 claim except that a federal actor is required instead of a state actor. *Bieneman v. Chicago*, 864 F.2d 463, 469 (7th Cir. 1988). Accordingly, the elements for a *Bivens* claim for malicious prosecution are: (1) the plaintiff has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by federal actors; and (3) the plaintiff was deprived of liberty. *See Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998) (stating the elements for malicious prosecution under § 1983). Malicious prosecution in Indiana is comprised of the following elements: "(1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Ali v. Alliance Home Health Care, LLC*, 53 N.E.3d 420, 431 (Ind. Ct. App. 2016) (quoting *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005).

The allegations that relate to the question of probable cause are as follows. Lynch and Dunning, at all relevant times, were advanced practice nurses licensed by the Indiana Nursing Board. (Am. Compl. ¶¶ 11-12, ECF No. 17). Lynch and Dunning met the statutory requirements to obtain prescriptive authority for certain legend drugs and controlled substances, and both were

issued Indiana Controlled Substance Registrations. *Id.* at ¶¶ 16-17. Lynch and Dunning entered into collaborative agreements with licensed physicians which were filed with and approved by the Indiana Nursing Board. *Id.* at ¶¶ 18-19. The DEA investigated Lynch and Dunning for prescribing medicine outside of the statutory authority. *Id.* at ¶ 22. The DEA did not obtain an advisory opinion or other ruling from the Indiana Nursing Board regarding whether Lynch's and Dunning's prescribing practices exceeded that permitted by Indiana law or the Board's rules. *Id.* at ¶ 23. Nowland wrote a probable cause affidavit based on evidence collected in part by Franko. *Id.* at ¶ 25. A Porter County, Indiana, Superior Court Judge, noting Nowland's affidavits, found probable cause for the arrests of Lynch and Dunning. (Order, ECF No. 29-3; Order, ECF No. 29-4).

At no point in their complaint do Lynch and Dunning assert that there was no probable cause for their arrests. The closest they come to such a statement is the allegation that no opinion or ruling was sought from the Indiana Nursing Board regarding the extent of Lynch's and Dunning's authority to write prescriptions. Lynch and Dunning allege that Lynch was acquitted at trial and that the charges against Dunning were dismissed, but a lack of a finding of guilt is not equivalent to a lack of probable cause. Lynch and Dunning to not allege that Nowland committed any wrongful action in attesting to the matters contained in his affidavits or in filing them with the court in pursuit of arrest warrants for Lynch and Dunning.

Lynch and Dunning have not stated plausibly—or even in a conclusory statement—that there was a lack of probable cause to arrest them. Therefore, Lynch and Dunning have failed to state claims of malicious prosecution, both under the Federal Tort Claims Act and under *Bivens*. Further, Lynch and Dunning have not stated a 42 U.S.C. § 1983 claim for malicious prosecution because there is no allegation of a state actor. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009) ("[T]he ultimate issue in determining whether a person is subject to

suit under § 1983 is . . . : is the alleged infringement of federal rights 'fairly attributable to the State?'" (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982))).

   2.   *False Arrest*

Lynch and Dunning purport to bring claims of false arrest in violation of the Fourth Amendment pursuant to *Bivens*. Accordingly, the elements for a *Bivens* claim for false arrest are (1) the defendant arrested the plaintiff; (2) the defendant did not have probable cause to arrest the plaintiff' and (3) the defendant acted under color of federal law. *Bieneman*, 864 F.2d at 469 (noting that the elements of a *Bivens* claim are the same elements as an analogous § 1983 claim except that a federal actor is required instead of a state actor); *Stevens v. Dewitt County, Ill.*, No. 11-3162, 2012 WL 1066890 at *4 (Mar. 28, 2012) (listing the elements for a § 1983 claim for false arrest); *see also Federal Civil Jury Instructions of the Seventh Circuit*, § 7.07 Fourth Amendment: False Arrest – Elements.

For the same reasons as those stated above, Lynch and Dunning have not alleged that they were arrested without probable cause, so they have failed to state *Bivens* claims for false arrest.

For a common law claim under Indiana law, "False imprisonment is the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent. A defendant may be liable for false arrest when he or she arrests the plaintiff in the absence of probable cause to do so." *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002) (internal citations omitted). Lynch and Dunning have not alleged that the restraint upon their liberty was unlawful, that is, that their arrests were made in the absence of probable cause. *Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th Cir. 2008) ("An unlawful arrest occurs when a person is seized by police without probable cause"). Therefore, Lynch and Dunning have not stated false arrest claims under the FTCA.

10

Lynch and Dunning have not stated a 42 U.S.C. § 1983 claim for false arrest because there

is no allegation of a state actor. *See Rodriguez*, 577 F.3d at 823.

3.      *Conspiracy*

In their motions, Nowland, Franko, and the Government argue that Lynch and Dunning

have not stated a claim under 42 U.S.C. § 1985. Subsection (1) of this statute concerns preventing

officers from performing duties and is not alleged in the complaint. Subsection (2) involves

interference with court proceedings and is likewise not alleged. Subsection (3) involves

deprivations of rights or privileges. Part of that subsection involves interfering with elections,

which is not germane here. The statutory language at issue is:

> If two or more persons in any State or Territory conspire . . . for the purpose of
> depriving, either directly or indirectly, any person or class of persons of the equal
> protection of the laws, or of equal privileges and immunities under the laws; or for
> the purpose of preventing or hindering the constituted authorities of any State or
> Territory from giving or securing to all persons within such State or Territory the
> equal protection of the laws . . . ; in any case of conspiracy set forth in this section,
> if one or more persons engaged therein do, or cause to be done, any act in
> furtherance of the object of such conspiracy, whereby another is injured in his
> person or property, or deprived of having and exercising any right or privilege of a
> citizen of the United States, the party so injured or deprived may have an action for
> the recovery of damages occasioned by such injury or deprivation, against any one
> or more of the conspirators.

42 U.S.C § 1985(3). A § 1985 claim has the following elements:

> (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person
> or class of persons of the equal protection of the laws, or of equal privileges and
> immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an
> injury to his person or property or a deprivation of any right or privilege of a citizen
> of the United States.

*Hernandez v. Partners Warehouse Supplier Servs. LLC*, 890 F. Supp. 2d 951, 959 (N.D. Ill. 2012)

(citing *Triad Assocs. v. Chicago Hous. Auth.*, 892 F.2d 583, 591 (7th Cir.1989)).

The Amended Complaint is devoid of any allegation regarding the second element other

than the conclusory statement that "Nowland and Franko conspired with each other, with the DEA,

and with state and local authorities to deprive Plaintiffs of their civil rights." (Am. Compl. ¶ 33, ECF No. 17). In briefing the instant motions, Lynch and Dunning assert that Nowland and Franko discriminated against Lynch and Dunning because the are women, but this allegation is not in the complaint. Similarly, there is no allegation regarding the conspiracy element. Accordingly, Lynch and Dunning have failed to state a claim as to 42 U.S.C. § 1985.

### 4. Negligent Supervision

The Federal Tort Claims Act (FTCA) requires a claimant, as a prerequisite to bringing a tort claim against the federal government, to first present the claim to the appropriate federal agency. 28 U.S.C. § 2675. The allegations must put a legally sophisticated reader on notice of a connection between the injury and the conduct the claimant alleges caused the injury. *LeGrande v. United States*, 687 F.3d 800, 813 (7th Cir. 2012); *Murrey v. United States*, 73 F.3d 1448, 1453 (7th Cir. 1996).

> The basis given for Lynch's claim in her FTCA notice is:
>
> Kathy lynch is Nurse Practitioner who owned a flourishing family nursing practice in northwest Indiana. In accordance with Indiana law, Lynch prescribed various medications under the supervision of a collaborating physician and using the physicians' DEA number. She also wrote prescriptions under her own name for non-narcotic medications, which Indiana law also permits. DEA agents arrested Lynch on multiple charges of prescribing medications without legal authority to do so. She was acquitted on all charges because she did in fact possess the requisite legal authority.

(Lynch Claim, ECF No. 29-5). When asked to "state the nature and extent of each injury . . . which forms the basis of the claim" Lynch wrote "Lynch was falsely arrested and maliciously prosecuted, leading to the destruction of her business and professional reputation." *Id.*

> For Dunning's FTCA notice, the given basis is:
>
> Karen Dunning was employed as an advanced practice nurse ("APN") at a medical practice in Kouts, Indiana. In accordance with Indiana law, she prescribed narcotic medications under the supervision of a collaborating physician and using the physician's DEA number. DEA agents arrested her for prescribing medications

outside the scope of her nursing license. She was acquitted of all charges because Indiana law permitted her to write prescriptions under an M.D.'s supervision.

(Dunning Claim, ECF No. 29-6). Her statement of the nature and extent of her injuries is "Karen Dunning was falsely arrested and maliciously prosecuted by DEA agents, leading to the destruction of her career and professional reputation." *Id.*

These claims do not sufficiently provide notice that Lynch and Dunning are bringing claims of negligent supervision. No supervisor, insufficient supervision, oversight policy, or training is mentioned. A legally sophisticated reader would not infer from the allegations in the FTCA notices that Lynch and Dunning claim negligent supervision. *Cf. Scholz v. United States*, No. 16-cv-1052, 2017 WL 375651 at *5 (E.D. Wis. Jan. 25, 2017) (finding that a legally sophisticated reader of the plaintiff's FTCA notice would not recognize a claim of negligent hiring, supervision, or retention from allegations that that a surgery was performed without the plaintiff's informed consent and that the surgery and post-operative medical care were negligently performed). The DEA had no notice to investigate its supervisors or its oversight practices and policies. The claims of negligent supervision are therefore barred by the FTCA.

5.      *Respondeat Superior*

The doctrine of respondeat superior would hold the employer liable for the torts of its employee committed within the scope of employment. *Stropes v. Heritage House Children's Ctr. of Shelbyville, Inc.*, 547 N.E.2d 244, 247 (Ind. 1989). Here, the parties agree that any respondeat superior claim is redundant to FTCA claims. Therefore, the Court dismisses the respondeat superior claims.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Dismiss [DE 28] and **GRANTS** the State Defendant's Motion for Judgment on the Pleadings [DE 39]. The Court hereby **DISMISSES** the Amended Complaint [DE 17].

The Court **GRANTS LEAVE** for Lynch and Dunning to **FILE** a Second Amended Complaint to allege facts regarding a lack of probable cause for their arrest and/or regarding the elements of conspiracy under 42 U.S.C. § 1985 **<u>on or before January 10, 2020</u>**. If Lynch and Dunning wish to make additional amendments to their complaint, they must file a motion for leave to amend. If no such pleading or motion for leave to amend is filed by the deadline, then the Court will dismiss this cause of action.

SO ORDERED on December 13, 2019.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT