UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KATHY L. LYNCH and<br>KAREN S. DUNNING,<br>　　　Plaintiffs, | )<br>)<br>)<br>) | |
| v. | ) | CAUSE NO. 2:17-CV-43-JVB-JEM |
| THE UNITED STATES OF AMERICA, *et al.*,<br>　　　Defendants. | )<br>)<br>) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to Amend Complaint [DE 87], filed by Plaintiffs on September 17, 2021. Plaintiffs request that the Court grant them leave to file a Third Amended Complaint alleging that Defendant Franko is a state actor, and hence subject to suit under 42 U.S.C. §1983, rather than a federal actor, subject to suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

**I.    Background**

On January 31, 2017, Plaintiffs filed this action arising out of their arrest by the Defendants, amended on June 22, 2017, before any Defendant had filed an answer. On December 13, 2019, Defendants United States and Nowland's motion to dismiss and Defendant Franko's motion for judgment on the pleadings were granted. Plaintiffs were granted through January 10, 2020, to amend the complaint to include facts about a lack of probable cause or a conspiracy, and the direction to file a motion for leave to make any other amendments. Plaintiffs filed their Second Amended Complaint on January 8, 2020. The parties were also given until May 1, 2020, to move for an amendment to the pleadings at this Court's Scheduling Conference in March, 2020. Fact and expert discovery closed on September 30, 2021, with the exception of the deposition of

1

Defendant Nowland, which must occur by October 29, 2021.

On September 17, 2021, Plaintiffs filed the instant Motion for Leave to Amend their Complaint. Defendant Franko filed a response on October 1, 2021, and Plaintiffs filed a reply on October 6, 2021.

**II.    Analysis**

Plaintiffs seek leave to amend their Complaint to correctly identify Defendant Franko as an employee of the State of Indiana, rather than the United States, and assert a § 1983 action rather than an action under *Bivens*.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a party are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

Plaintiffs' motion was filed months after the May 1, 2020, deadline for the parties to move for an amendment to the pleadings, as set in the Court's Scheduling Order [DE 58], but Plaintiffs do not include any request for extension. When a party moves to amend its complaint after the

amendment deadline set in a Rule 16 order, the Court first considers whether to extend the deadline under the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment," *Id.* at 720, a burden that "is more onerous than Rule 6(b)(1)(B)'s 'excusable neglect' requirement." *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (citations omitted).

Plaintiffs have not exercised due diligence in seeking to file their Third Amended Complaint. The fact that Defendant Franko is not a federal employee was apparent on the face of the pleadings since at least July 14, 2017, when Defendant Franko filed her Answer to the Amended Complaint in which she identified herself as a State Defendant and denied that she was employed by the United States. Def. Ans. ¶10 [DE 19]. Defendants United States of America and Nowland also pleaded that Defendant Franko was not a federal actor in their Answer to the Amended Complaint, and Defendants have continued to note the erroneous assertion throughout their filings in this case.

As Defendants argue, Plaintiffs knew or should have known that Defendant Franko is an Indiana State Police trooper prior to filing the suit, and the error was pointed out again in their answers. However, Plaintiffs have repeatedly mistakenly identified her as a federal actor, despite having the truth pointed out to them on numerous occasions. Their error has been pointed out to them by all Defendants, they have been advised of the lack of a state actor by Judge Van Bokkelen, and the Defendants themselves have always known the truth. There is no good cause for Plaintiffs' failure to correct this error long before now.

Plaintiffs have failed to establish that they were diligent and have not established good cause for modifying the scheduling order as required by Rule 16(b)(4). Accordingly, the Court declines to extend the deadline for seeking leave to amend pleadings. The Motion to Amend is untimely, coming after undue delay and a failure to cure deficiencies in previous amendments. Allowing amendment at this late stage in the proceedings, after discovery is closed, would cause prejudice to the parties.

Accordingly, the Court hereby **DENIES** the Motion to Amend Complaint [DE 87].

SO ORDERED this 22nd day of October, 2021.

s/ John E. Martin<br>MAGISTRATE JUDGE JOHN E. MARTIN<br>UNITED STATES DISTRICT COURT

cc:   All counsel of record