**U.S. Department of Justice**
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 3

| 1. Program Code | 2. Cross File | Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|---|
| 5. By: Scott A Nowland, DI  At: Merrillville RO | ☐ ☐ ☐ ☐ ☐ | | 6. File Title ▮▮▮▮ ▮▮▮ ▮▮▮ | |
| 7. ☐ Closed ☐ Requested Action Completed  ☐ Action Requested By: | | | 8. Date Prepared 02-05-2015 | |
| 9. Other Officers: | | | | |
| 10. Report Re: Arrest of Kathy Lynn LYNCH and Karen Suzanne DUNNING on 02-05-2015 (ML40) | | | | |

## DETAILS

1.   On February 5, 2015, Kathy Lynn LYNCH and Karen Suzanne DUNNING surrendered themselves to the Porter County Jail in Valparaiso, Indiana as a result of DEA's joint investigation with the Indiana State Police (ISP), and the Indiana Medicaid Fraud Control Unit (MFCU).

2.   On January 29, 2015, DI Scott Nowland presented an Charging Information and Affidavit (Attachment 1) against Kathy Lynn LYNCH alleging 27 felony violations of Indiana law as listed below:

- Eight Counts of Unlawful Practice of Medicine
- Five Counts of Dealing in a Schedule III Controlled Substance
- Two counts of Dealing in a Schedule IV Controlled Substance
- Eight counts of Offenses Related to Registration
- Four counts of Conspiracy to Deal in a Schedule III Controlled Substance

3.   On January 29, 2015, DI Scott Nowland presented an Charging Information and Affidavit (Attachment 2) against Karen Suzanne DUNNING alleging 16 felony violations of Indiana law as listed below:

- Five Counts of Unlawful Practice of Medicine
- Four Counts of Dealing in a Schedule III Controlled Substance
- One count of Dealing in a Schedule IV Controlled Substance
- Five counts of Offenses Related to Registration

| 11. Distribution: Division | 12. Signature (Agent)   Scott A Nowland, DI | 13. Date 02-05-2015 |
|---|---|---|
| District | 14. Approved (Name and Title) /s/ Scott A Brinks, GS | 15. Date 02-09-2015 |
| Other   ODP | | |

DEA Form     - 6
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.



EXHIBIT
25

**U.S. Department of Justice**
Drug Enforcement Administration

| REPORT OF INVESTIGATION | 1. File No. ███████ | 2. G-DEP Identifier ███ |
|---|---|---|
| *(Continuation)* | 3. File Title ███████ ████ ████ | |

| 4. **Page   2   of   3** | |
|---|---|
| 5. Program Code | 6. Date Prepared 02-05-2015 |

- One count of Conspiracy to Deal in a Schedule III Controlled Substance

4.   On February 4, 2015, Porter County Superior Court Judge Roger Bradford signed two Court Orders for the Arrests of LYNCH and DUNNING pursuant to the charges filed.  The Order set bond at $7,500 cash for each Defendant.

5.   On February 5, 2015, under advice of legal counsel, LYNCH and DUNNING surrendered themselves to the Porter County Jail in response to the Court Orders.  LYNCH and DUNNING were booked by Corrections Officers of the Porter County Jail and said booking information was provided to DI Scott Nowland for the entry of LYNCH and DUNNING into the Universal Automated Booking Station (UABS).

6.   DI Nowland additionally documented the arrests of LYNCH and DUNNING on DEA-202 Forms, Personal History Reports.

7.   The Cause Numbers assigned to the Porter County Criminal Cases are as follows:

- Indiana v. Kathy Lynn LYNCH, 64D05-1502-FB-856
- Indiana v. Karen Suzanne DUNNING, 64D05-1502-FB-843

**ATTACHMENTS**

1.   Court Order, Charging Information, and Charging Affidavit - Kathy Lynn LYNCH

2.   Court Order, Charging Information, and Charging Affidavit - Karen Suzanne DUNNING



| DEA Form   - 6a (Jul. 1996) | **DEA SENSITIVE** **Drug Enforcement Administration** | |
|---|---|---|

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to w hich loaned.

Previous edition dated 8/94 may be used.

STATE OF INDIANA ) IN THE PORTER SUPERIOR COURT
)SS:
COUNTY OF PORTER ) CONTINUOUS TERM, 2015

**FILED
IN OPEN COURT**

STATE OF INDIANA

**FEB 0 4 2015**

VS. CAUSE NO. **64D0 5-1501-FB- 856**

*Mary R Harper*

**KATHY LYNN LYNCH**

Porter Circuit and Superior Court

## ORDER

    Comes now the State of Indiana by the Prosecuting Attorney for the 67th Judicial Circuit of Indiana, and filed information charging the defendant with the crime of:

Count I     **Dealing in a Schedule III Controlled Substance, Class B Felony**
Count II     **Unlawful Practice, Class C Felony**
Count III     **Offense Related to Registration, Class D Felony**
Count IV     **Dealing in a Schedule III Controlled Substance, Class B Felony**
Count V     **Unlawful Practice, Class C Felony**
Count VI     **Offense Related to Registration, Class D Felony**
Count VII     **Dealing in a Schedule IV Controlled Substance, Class C Felony**
Count VIII   **Unlawful Practice, Class C Felony**
Count IX     **Offense Related to Registration, Class D Felony**
Count X     **Dealing in a Schedule IV Controlled Substance, Class C Felony**
Count XI     **Unlawful Practice, Class C Felony**
Count XII   **Offense Related to Registration, Class D Felony**
Count XIII **Dealing in a Schedule III Controlled Substance, Class B Felony**
Count XIV **Unlawful Practice, Class C Felony**
Count XV   **Offense Related to Registration, Class D Felony**
Count XVI **Dealing in a Schedule III Controlled Substance, Level 6 Felony**
Count XVII **Unlawful Practice, Level 5 Felony**
Count XVIII **Offenses Relating to Registration, Level 6 Felony**
Count XIX **Dealing in a Schedule III Controlled Substance, Level 6 Felony**
Count XX   **Unlawful Practice, Level 5 Felony**
Count XXI **Offenses Relating to Registration, Level 6 Felony**
Count XXII **Dealing in a Schedule III Controlled Substance, Level 6 Felony**
Count XXIII **Unlawful Practice, Level 5 Felony**
Count XXIV **Offenses Relating to Registration, Level 6 Felony**
Count XXV **Conspiracy to Deal in a Schedule III Controlled Substance, Level 6 Felony**
Count XXVI **Conspiracy to Deal in a Schedule III Controlled Substance, Level 6 Felony**
Count XXVII **Conspiracy to Deal in a Schedule III Controlled Substance, Level 6 Felony**

    Along with an Affidavit to show probable cause for the Issuance of an Arrest Warrant, and Disclosure of Redacted Information.

Information examined and approved.  Court finds that probable cause exists for the issuance of a warrant for the arrest of the defendant.

Clerk ordered to issue a warrant for the arrest of the defendant to the Sheriff of Porter County, returnable forthwith.

Bond set at: $ 7,500 Cash Only

_____
JUDGE, PORTER SUPERIOR COURT

STATE OF INDIANA     )
                 ) SS:
COUNTY OF PORTER   )
                 )

IN THE SUPERIOR COURT
OF PORTER COUNTY

CAUSE NO. 64D0̷5_-150̷2-FB- 856

FILED
CLERK KAREN M HARTIN
2015 FEB -3  A 9:33
PORTER CIRCUIT AND

STATE OF INDIANA

VS.

KATHY LYNN LYNCH
937 S. BAUMS BRIDGE RD
KOUTS, IN 46347
DOB: 09/19/1958
SS: Redaction #1

## INFORMATION

### COUNT I
DEALING IN A SCHEDULE III CONTROLLED SUBSTANCE
CLASS B FELONY -I.C. 35-48-4-2(a)(l)(C)

    Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about January 30, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, a Schedule III controlled substance, to M.H., by prescribing said substance without authority of law to do so, and which M.H. filled at CVS Pharmacy in Rensselaer Indiana contrary to Indiana Code 35-48-4-2 (a)(1 )(C) and against the peace and dignity of the State.

### COUNT II
UNLAWFUL PRACTICE
CLASS C FELONY –I.C. 25-22.5-8-2(a)

    Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about January 30, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed phendimetrazine, a Schedule III controlled substance, to M.H. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

### COUNT III
OFFENSES RELATING TO REGISTRATION
CLASS D FELONY -I.C. 35-48-4-14(b)(2)(c)

    Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about January 30, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, a Schedule III controlled substance, to M.H., pure or adulterated, classified in, by prescribing said substance using the registration issued to Dr. Lauren Harting in violation of I.C. 35-48-4-14(b)(2)(c), and which M.H. filled at CVS Pharmacy in Rensselaer Indiana against the peace and dignity of the State.

1

Lynch-00002083
Exhibit 25 _ Page 005

**COUNT IV**
DEALING IN A SCHEDULE III CONTROLLED SUBSTANCE
CLASS B FELONY -I.C. 35-48-4-2(a)(l)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 8, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, a Schedule III controlled substance to J.M., by prescribing said substance without authority of law to do so, and which J.M. filled at Walgreens Pharmacy in Crown Point, Indiana, contrary to Indiana Code 35-48-4-2 (a)(l )(C) and against the peace and dignity of the State.

**COUNT V**
UNLAWFUL PRACTICE
CLASS C FELONY –I.C. 25-22.5-8-2(a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 8, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed phendimetrazine, a Schedule III controlled substance, to J.M. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

**COUNT VI**
OFFENSES RELATING TO REGISTRATION
CLASS D FELONY -I.C. 35-48-4-14(b)(2)(c)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 8, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, a Schedule III controlled substance to J.M., by prescribing said substance using the registration issued to Dr. Lauren Harting in violation of I.C. 35-48-4-14(b)(2)(c), and which J.M. filled at Walgreens Pharmacy in Crown Point, Indiana, contrary to Indiana against the peace and dignity of the State.

**COUNT VII**
DEALING IN A SCHEDULE IV CONTROLLED SUBSTANCE
CLASS C FELONY – I.C. 35-48-4-3(a)(l )(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 8, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phentermine, a Schedule IV controlled substance to K.H., by prescribing said substance without authority of law to do so, and which K.H. filled at CVS Pharmacy in Valparaiso, Indiana, contrary to Indiana Code 35-48-4-3(a)(l)(C) and against the peace and dignity of the State.

Lynch-00002084
Exhibit 25 _ Page 006

**COUNT VIII**
UNLAWFUL PRACTICE
CLASS C FELONY –I.C. 25-22.5-8-2(a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 8, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed phentermine, a Schedule IV controlled substance to K.H. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

**COUNT IX**
OFFENSES RELATING TO REGISTRATION
CLASS D FELONY - I.C. 35-48-4-14(b)(2)(c)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 8, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phentermine, a Schedule IV controlled substance, to K.H., by prescribing said substance using the registration issued to Dr. Lauren Harting in violation of I.C. 35-48-4-14(b)(2)(c) without authority of law to do so, and which K.H. filled at CVS Pharmacy in Valparaiso, Indiana, contrary to Indiana Code 35-48-4-3 (a)(l)(C) and against the peace and dignity of the State.

**COUNT X**
DEALING IN A SCHEDULE IV CONTROLLED SUBSTANCE
CLASS C FELONY – I.C. 35-48-4-3(a)(l)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 14, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phentermine, a Schedule IV controlled substance to Y.K., by prescribing said substance without authority of law to do so, and which Y.K. filled at CVS Pharmacy in Demotte, Indiana, contrary to Indiana Code 35-48-4-3 (a)(l)(C) and against the peace and dignity of the State.

**COUNT XI**
UNLAWFUL PRACTICE
CLASS C FELONY –I.C. 25-22.5-8-2(a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 14, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed a Schedule III controlled substance to Y.K. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

3

Lynch-00002085
Exhibit 25 _ Page 007

**COUNT XII**
OFFENSES RELATING TO REGISTRATION
CLASS D FELONY - I.C. 35-48-4-14(b)(2)(c)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 14, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phentermine, a controlled substance to Y.K., pure or adulterated, classified in Schedule IV, by prescribing said substance using the registration issued to Dr. Lauren Harting in violation of I.C. 35-48-4-14(b)(2)(c) without authority of law to do so, and which Y.K. filled at CVS Pharmacy in Demotte, Indiana, contrary to Indiana Code 35-48-4-14(b)(2)(c) and against the peace and dignity of the State.

**COUNT XIII**
DEALING IN A SCHEDULE III CONTROLLED SUBSTANCE
CLASS B FELONY –I.C. 35-48-4-2(a)(l)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 15, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, a Schedule III controlled substance to M.E., by prescribing said substance without authority of law to do so, and which M.E. filled at CVS Pharmacy in LaPorte, Indiana, contrary to Indiana Code 35-48-4-2 (a)(l)(C) and against the peace and dignity of the State.

**COUNT XIV**
UNLAWFUL PRACTICE
CLASS C FELONY –I.C. 25-22.5-8-2(a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 15, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed a Schedule III controlled substance to M.E. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

**COUNT XV**
OFFENSES RELATING TO REGISTRATION
CLASS D FELONY - I.C. 35-48-4-14(b)(2)(c)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about February 15, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine a controlled substance to M.E., pure or adulterated, classified in Schedule III, by prescribing said substance using the registration issued to Dr. Lauren Harting in violation of I.C. 35-48-4-14(b)(2)(c), which M.E. filled at CVS Pharmacy in LaPorte, Indiana, contrary to Indiana Code 35-48-4-14(b)(2)(c) and against the peace and dignity of the State.

4

Lynch-00002086
Exhibit 25 _ Page 008

**COUNT XVI**
DEALING IN A SCHEDULE III CONTROLLED SUBSTANCE
LEVEL 6 FELONY -I.C. 35-48-4-2(a)(l)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about August 21, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, a Schedule III controlled substance, to A.S. by dispensing said substance to A.S. at Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-48-4-2 (a)(l )(C) and against the peace and dignity of the State.

**COUNT XVII**
UNLAWFUL PRACTICE
LEVEL 5 FELONY –I.C. 25-22.5-8-2(a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about August 21, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed a Schedule III controlled substance to A.S. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

**COUNT XVIII**
OFFENSES RELATING TO REGISTRATION
LEVEL 6 FELONY - I.C. 35-48-4-14(a)(1)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about August 21, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, Schedule III controlled substance, to A.S., by dispensing said substance without a license or registration as a physician, in violation of I.C. 35-48-4-14(a)(1), and against the peace and dignity of the State.

**COUNT XIX**
DEALING IN A SCHEDULE III CONTROLLED SUBSTANCE
LEVEL 6 FELONY -I.C. 35-48-4-2(a)(l)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about September 12, 2014, in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, a Schedule III controlled substance to C.P.D. by dispensing said substance to C.P.D. at Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-48-4-2 (a)(l )(C) and against the peace and dignity of the State.

5

Lynch-00002087
Exhibit 25 _ Page 009

**COUNT XX**
UNLAWFUL PRACTICE
LEVEL 5 FELONY –I.C. 25-22.5-8-2(a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about September 12, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed a Schedule III controlled substance to C.P.D. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

**COUNT XXI**
OFFENSES RELATING TO REGISTRATION
LEVEL 6 FELONY - I.C. 35-48-4-14(a)(1)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about September 12, 2014, in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, Schedule III controlled substance, to C.P.D., by dispensing said substance without a license or registration as a physician, in violation of I.C. 35-48-4-14(a)(1), and against the peace and dignity of the State.

**COUNT XXII**
DEALING IN A SCHEDULE III CONTROLLED SUBSTANCE
LEVEL 6 FELONY - I.C. 35-48-4-2(a)(l)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about September 13, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, a Schedule III controlled substance to H.D., by dispensing said substance to H.D. at Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-48-4-2 (a)(l )(C) and against the peace and dignity of the State.

**COUNT XXIII**
UNLAWFUL PRACTICE
LEVEL 5 FELONY –I.C. 25-22.5-8-2(a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about September 13, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed phendimetrazine, a Schedule III controlled substance, to H.D. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

Lynch-00002088
Exhibit 25 _ Page 010

**COUNT XXIV**
OFFENSES RELATING TO REGISTRATION
LEVEL 6 FELONY - I.C. 35-48-4-14(a)(1)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about September 13, 2014, in the County of Porter, State of Indiana, KATHY LYNN LYNCH did knowingly deliver phendimetrazine, Schedule III controlled substance, to H.D., by dispensing said substance without a license or registration as a physician, in violation of I.C. 35-48-4-14(a)(1), and against the peace and dignity of the State.

**COUNT XXV**
CONSPIRACY TO DEAL IN A SCHEDULE III CONTROLLED SUBSTANCE
LEVEL 6 FELONY – I.C. 35-41-5-2

Scott Nowland, upon information and belief, affirms under the penalty of perjury that from August 19, 2014 until August 21, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did, with intent to commit Dealing in a Schedule III Controlled Substance, agree with Dr. PATRICK JEROME SHEETS to divert phendimetrazine, a Schedule III controlled substance, to Kouts Family Health Care Inc. and dispensed said substance to A.S. at Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-41-5-2 and 35-48-4-2 (a)(1)(C) and against the peace and dignity of the State.

**COUNT XXVI**
CONSPIRACY TO DEAL IN A SCHEDULE III CONTROLLED SUBSTANCE
LEVEL 6 FELONY – I.C. 35-41-5-2

Scott Nowland, upon information and belief, affirms under the penalty of perjury that from September 9, 2014 until September 12, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did, with intent to commit Dealing in a Schedule III Controlled Substance, agree with Dr. PATRICK JEROME SHEETS to divert phendimetrazine, a Schedule III controlled substance, to Kouts Family Health Care Inc. and dispensed said substance to C.P.D. at Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-41-5-2 and 35-48-4-2 (a)(1)(C) and against the peace and dignity of the State.

**COUNT XXVII**
CONSPIRACY TO DEAL IN A SCHEDULE III CONTROLLED SUBSTANCE
LEVEL 6 FELONY – I.C. 35-41-5-2

Scott Nowland, upon information and belief, affirms under the penalty of perjury that from September 9, 2014 until September 13, 2014 in the County of Porter, State of Indiana, KATHY LYNN LYNCH did, with intent to commit Dealing in a Schedule III Controlled Substance, agree with Dr. PATRICK JEROME SHEETS to divert phendimetrazine, a Schedule III controlled substance, to Kouts Family Health Care Inc. and dispensed said substance to H.D. at Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-41-5-2 and 35-48-4-2 (a)(1)(C) and against the peace and dignity of the State.

7

Lynch-00002089
Exhibit 25 _ Page 011

I affirm under the penalties for perjury that the foregoing representations are true.

Scott Nowland

Approved by me this **29** day of January, 2015.

BRIAN T. GENSEL
Prosecuting Attorney
67th Judicial Circuit of Indiana

Witnesses:

M.H.
J.M.
M.E.
Y.K.
K.H.
Kara Henry
A.S.
C.P.D.
H.D.
Representative of CVS Pharmacies
Representative of Walgreens Pharmacies
Representative of A.F. Hauser Inc.
Drew Adams, Deputy Indiana Attorney General – MFCU
Kathy Franko, Master Trooper, Indiana State Police
Juan Morales, Diversion Investigator DEA
Jennifer Tucker, Diversion Investigator DEA
Scott Brinks, Diversion Group Supervisor DEA
Stephen Morgan, Intelligence Research Specialist DEA

Any and all witnesses listed by the defense

Lynch-00002090
Exhibit 25 _ Page 012

STATE OF INDIANA )  FILED IN THE SUPERIOR COURT
        ) SS: CLERK KAREN MARTIN OF PORTER COUNTY
COUNTY OF PORTER )  2015 FEB -3  A 9:33
        )     CAUSE NO.64D05-1501-FB- 856
         PORTER CIRCUIT AND

STATE OF INDIANA

   VS.

KATHY LYNN LYNCH
937 S. BAUMS BRIDGE
RD KOUTS, IN 46347
DOB: 09/19/1958
SS: Redaction #1

### AFFIDAVIT OF PROBABLE CAUSE FOR ARREST WARRANT

1) I, Scott Nowland, a Diversion Investigator, for the United States Drug Enforcement
Administration (DEA), being duly sworn, depose and state that I believe probable cause exists
in the County of Porter, State of Indiana, to arrest Kathy Lynn Lynch for the following
violations of the Indiana Code:

  A. Eight counts of Unlawful practice
  I.C. 25-22.5-8.2, Class C Felonies or Level 5 felonies after June 30, 2014

  B. Five counts of Dealing in a schedule III controlled substance
  I.C. 35-48-4-2, Class B felonies or Level 6 felonies after June 30, 2014

  C. Two counts of Dealing in a schedule IV controlled substance
  I.C. 35-48-4-3, Class D felonies or Class A misdemeanors after June 30, 2014

  D. Eight counts of Offenses relating to registration
  I.C. 35-48-4-14, Class D felonies or Level 6 felonies after June 30, 2014

  E. Three counts of Conspiracy to Deal in a schedule III controlled substances
  I.C. 35-48-4-2, Class B felony or Level 6 felony after June 30, 2014

2) I am a Diversion Investigator for the United States Drug Enforcement Administration (DEA). I
have been a Diversion Investigator since 2004. I am currently assigned to the DEA Resident
Office in Merrillville, Indiana and have been so assigned since August of 2004. My official
duties include enforcement of the U.S. Controlled Substances Act (CSA).

3) Prior to my employment by the DEA I was an Indiana State Police Officer from 1993 to 2004.
During seven of the ten years as a State Police Officer, I was a Undercover Detective assigned

**Page 1 of 12**

Lynch-00002091
Exhibit 25 _ Page 013

Diversion Investigator, I have been involved in numerous narcotic investigations. I have received training relating to enforcement of the Indiana controlled substances laws, and the CSA including but not limited to the following:

A. My initial training at the Indiana State Police Academy occurred in 1993. I have satisfied the trooper training requirements established by rules adopted by the law enforcement training board under I.C. 5-2-1-9 and described in I.C. 35-37-4-5;

B. I completed the DEA's Basic and Advanced Diversion Investigator Courses as well as courses in financial and internet investigations;

C. I have attended multiple training sessions in the area of undercover narcotics investigation and practiced the techniques during my time in the Indiana State Police Drug Enforcement Section;

D. Continuing in-service training;

4) Based upon my training and experience, I am familiar with the methods employed by individuals engaged in the illegal diversion of controlled substances. I have investigated or participated in numerous drug diversion investigations. I have received specialized training in the investigation of the diversion of controlled substances by DEA registrants and non-registrants.

5) I have personally reviewed all case material and interview reports, photographs, statements, transcripts, and other records created by all investigators working on this investigation, and working under my supervision and control.

6) I am currently assigned to investigate the prescribing and dispensing of controlled substances by Kathy Lynn Lynch, (Lynch) and others. My assignment is to determine if Lynch prescribed or dispensed controlled substances without a valid Indiana Controlled Substance Registration (CSR) or DEA Registration in violation of the Controlled Substances Act and Indiana law.

7) Lynch owns, operates, and is the incorporator of Kouts Family Health Care, Inc. (KFHC) at 703/705 N. Main Street, Kouts, Indiana.

8) I have participated in the investigation of the offenses described within this affidavit. The statements contained in this affidavit are based in part on information provided by and conversations with members of the DEA, Indiana State Police and Indiana Medicaid Fraud Control Unit (MFCU) and based on my experience, education, training and background. This is a joint investigation by DEA, ISP and MFCU.

9) Because this affidavit is being submitted for the purpose of securing an arrest warrant I have not included each and every fact that has been revealed through the course of this investigation, I have only set forth the facts that are believed necessary to establish the required

Page **2** of 12

foundation for the issuance of the requested arrest warrant.

*Synopsis of Applicable Statutes and Case Law*

10) Lynch is being investigated for violations of I.C. 35-48-4-2, Dealing in a schedule I, II or III controlled substance, a Class B felony, I.C. 25-22.5-8-2 Unlawful Practice, a Class C Felony, I.C. 35-48-4-3 Dealing in a schedule IV controlled substance, a Class C felony, I.C. 35-48-4-14, Offenses relating to registration, and I.C. 35-41-5-2, Conspiracy to deal in a schedule III controlled substance.

11) I.C. 35-48-3-11 sets forth that only a physician licensed under I.C. 25-22.5 may treat a patient with a Schedule III or Schedule IV controlled substance for the purpose of weight reduction or to control obesity.

12) I.C. 25-22.5-1-1.1(g) defines a Physician as "any person who holds the degree of doctor of medicine or doctor of osteopathy or its equivalent and who holds a valid unlimited license to practice medicine or osteopathic medicine in Indiana."

13) Nurse Practitioner is defined in 848 IAC 4-1-4 as "an advanced practice nurse who provides advanced levels of nursing client care in a specialty role, who meets the requirements of an advanced practice nurse as outlined in section 3 of this rule, and who has completed any of the following:
> (1) A graduate program offered by a college or university accredited by the Commission on Recognition of Postsecondary Accreditation which prepares the registered nurse to practice as a nurse practitioner and meets the requirements of section 6 of this rule.
> (2) A certificate program offered by a college or university accredited by the Commission on Recognition of Postsecondary Accreditation which prepares the registered nurse to practice as a nurse practitioner and meets the requirements of section 6 of this rule. Nurse practitioners who complete a certificate program must be certified and maintain certification as a nurse practitioner by a national organization which requires a national certifying examination.
> (3) Prior to the promulgation of this article, the following:
>> (A) A formal organized program of study and clinical experience which prepares the registered nurse to practice as a nurse practitioner.
>> (B) The required program of study at a time when there was no credentialing or certification process available in the specialty area of the program of study.
> (b) "NP" means nurse practitioner and are the designated authorized initials to be used by the nurse practitioner." An NP does not have prescriptive authority.

14) Advanced Practice Nurse (APN) is defined in 848 IAC 4-1-3 as "a registered nurse holding a current license in Indiana who:
> (1) has obtained additional knowledge and skill through a formal, organized program of study and clinical experience, or its equivalent, as determined by the board;
> (2) functions in an expanded role of nursing at a specialized level through the application of advanced knowledge and skills to provide healthcare to individuals, families, or groups in a variety of settings, including, but not limited to:
>> (A) homes;

**Page 3 of 12**

Lynch-00002093
Exhibit 25 _ Page 015

> (B) institutions;
> (C) offices;
> (D) industries;
> (E) schools;
> (F) community agencies;
> (G) private practice;
> (H) hospital outpatient clinics; and
> (I) health maintenance organizations; and
> (3) makes independent decisions about the nursing needs of clients.
> (b) The three (3) categories of advanced practice nurses as defined in IC 25-23-1-1 are as follows:
> (1) Nurse practitioner as defined in section 4 of this rule.
> (2) Certified nurse-midwife as defined in 848 IAC 3-1.
> (3) Clinical nurse specialist as defined in section 5 of this rule."

15) In accordance with 848 IAC 5-1-1 APNs, unlike NPs, may additionally be authorized to prescribe legend drugs, including controlled substances, only if the APN additionally complies with 848 IAC 5-1-1. Within 848 IAC 5-1-1 APNs are specifically required to:

- Submit proof of collaboration with a licensed practitioner, 848 IAC 5-1-1(a)(7);
- Obtain an Indiana Controlled Substance Registration 848 IAC 5-1-1(d);
- Obtain a DEA Registration 848 IAC 5-1-1(d);

16) 856 I.A.C 2-2-4 sets forth that phendimetrazine is a Schedule III controlled substance. It is an FDA approved drug used to treat obesity.

17) 856 I.A.C. 2-2-5 sets forth that phentermine is a Schedule IV controlled substance. It is an FDA approved drug used to treat obesity.

18) Indiana Administrative Code 856 IAC 2-6-3 sets forth the prescribing standards for all practitioners. 856 IAC 2-6-3 states in part as follows: "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose in a reasonable quantity by an individual practitioner acting in the usual course of his professional practice."

19) Title 21 of the Code of Federal Regulations (21 CFR), Part 1306.04 also provides that a prescription for a controlled substance must be issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice. 21 CFR 1306.05 sets forth that a prescription may be prepared by a secretary or agent for the signature of the practitioner, or in the case of a Schedule III, IV or V controlled substance an agent may communicate a valid prescription to a pharmacy by telephone but the prescribing practitioner is responsible in case the prescription does not conform in all essential respects to the law and regulation. The Controlled Substances Act does not permit a prescribing practitioner to delegate to any agent or any other person the authority to issue a prescription for a controlled substance. A practitioner acting in the usual course of his or her professional practice must determine there is a legitimate medical purpose for the

Page 4 of 12

Lynch-00002094
Exhibit 25 _ Page 016

controlled substance prescription and an agent may not make this determination.

*Indiana INSPECT program*

20) In this document I have relied upon data obtained from the Indiana *INSPECT* Program. The Indiana General Assembly passed legislation in the mid-1990s that required the collection of controlled substance data through a central repository. At its inception, Indiana's prescription drug monitoring program required licensed pharmacies in Indiana to report on dispensed scheduled controlled substances. In early 2004, grant funding and an act of the legislature helped create *INSPECT* in its present form, a database, which is accessible via the Internet by both practitioners and law enforcement personnel.

21) An *INSPECT* report summarizes the controlled substances that were dispensed to a patient by an Indiana pharmacy, and reported by said pharmacy to INSPECT. Each time a controlled substance is dispensed, the dispenser is required to submit biographical data about the patient as well as the drug, the quantity prescribed and the number of days for which the drug is to be taken.  In essence, the information that is required to be included on a prescription label must also be included in the report to *INSPECT*.

22) While the *INSPECT* program does not guarantee that its data is one-hundred percent accurate, I have found the data to be extremely reliable.  In conducting investigations, my colleagues and I have found very few discrepancies in *INSPECT* data when comparing the information to the prescription forms issued by the practitioner. In addition, select prescriptions were collected and the *INSPECT* data was corroborated the in this case.

*Background*

23) According to the Indiana Professional Licensing Agency, as of August 1, 2014 Lynch was licensed as a Registered Nurse, License, 2800703IA. Lynch's license expires on 10-31-2015. Lynch became certified as an APN and obtained an Indiana Controlled Substance Registration as an APN on August 12, 2014 under APN Certificate 71005050A and 71005050B respectively. Lynch has never been registered by DEA. Lynch is not authorized to prescribe controlled substances.

24) Lauren W. Harting (Harting) is a licensed Physician in the State of Indiana. Harting is registered with DEA as a Practitioner under DEA registration BH8978972 at 1356 South Lake Park Avenue, Hobart, Indiana 46342.  According to the Indiana Board of Nursing (Board), Lynch, Dunning, and Harting signed a collaborative agreement on August 15, 2009. The agreement was terminated by Harting on March 4, 2014.  According to Harting, she has never practiced medicine at KFHC, nor treated any patients at KFHC.

25) Patrick Jerome Sheets (Sheets) is a licensed Physician in the State of Indiana. Sheets is registered with DEA as a Practitioner under DEA registration BS7016529 at 208 W. Washington Street, Rensselaer, Indiana 47978.  According to the Board, Lynch,

Page 5 of 12

Lynch-00002095
Exhibit 25 _ Page 017

Dunning, and Sheets filed a collaborative agreement on August 4, 2014. The agreement was terminated by Sheets on December 28, 2014. According to Sheets, he has never practiced medicine at KFHC, nor treated any patients at KFHC.

26) Jeffrey Smith (Smith) is a licensed Physician in the State of Indiana. Smith was registered with DEA as a Practitioner under DEA registration AS1238799 at 2933 45th Avenue, Highland, Indiana 446322. According to the Board, Lynch, Dunning, and Smith filed a collaborative agreement on December 18, 2014. The agreement was terminated by Smith on December 28, 2014. According to Smith, he has never practiced medicine at KFHC, nor treated any patients at KFHC. On January 12, 2015, Smith told the Affiant that he hasn't been at KFHC since 1999 and never verified that either Lynch or Dunning were licensed or registered as APNs. Smith told the Affiant that he terminated his collaborative agreement with Dunning and Lynch on January 13, 2015.

*Summary of Investigation*

27) Based on information set forth in this affidavit, the Affiant has probable cause to believe that Lynch prescribed and dispensed controlled substances without legal authority to do so. Lynch holds herself out to be a Nurse Practitioner (NP). Indiana Professional Licensing Agency has verified that as of January 16, 2015, Lynch has never held a license as a physician, nor has she ever had a DEA registration. Lynch cannot issue controlled substance prescriptions nor dispense controlled substances. However, while treating patients at her clinic, KFHC, Lynch was phoning in controlled substance prescriptions for patients, or directing her office staff to do so, utilizing the licensure and registration of Dr. Lauren Harting. Harting stated to the Affiant that she did not give Lynch permission to use her DEA registration, and that any and all of the controlled substance prescriptions issued to KFHC's patients under Harting's DEA registration number were fraudulently submitted by Lynch, and/or employees of Lynch and KFHC. These patients were never seen or examined by Harting and Harting never authorized Lynch to utilize her DEA registration, in violation of I.C.35-48-4-2, I.C. 35-48-4-3, I.C. 25-22.5-8-2, I.C. 35-48-4-14, and I.C. 35-41-5-2.

*Investigation*

28) This case came to the Affiant's attention after pharmacies in Porter and Starke Counties in Indiana complained to ISP Diversion Investigator Kathy Franko that Lynch was prescribing phendimetrazine and, phentermine, Schedule III and Schedule IV controlled substances, for weight loss, contrary to Indiana Code 35-48-3-11. Investigator Franko contacted the Affiant and requested that the DEA join ISP's investigation of the complaints.

29) The Affiant verified with the Indiana Professional Licensing Agency that, from September 7, 1983, until August 11, 2014, Lynch was licensed in Indiana only as a Registered Nurse, License 2800703lA. Lynch's RN license expires 10-31-2015. Lynch did not certify as an APN until August 12, 2014, Lynch was never registered with DEA;

Lynch-00002096
Exhibit 25 _ Page 018

therefore, Lynch could not and cannot prescribe controlled substances.

25) ISP Franko spoke with Lynch on or about January 24, 2014 and advised her of the complaint received concerning the prescriptions she issued for Schedule III and Schedule IV weight loss drugs in violation of Indiana Code 35-48-3-11. Lynch advised Investigator Franko that was "old law" and the collaboration agreement with Dr. Lauren Harting allowed both Lynch, and another NP working at KFHC, Karen Dunning (Dunning) to prescribe Schedule III and Schedule IV weight loss drugs. ISP Franko advised Lynch that she was wrong and provided Lynch with a copy of I.C. 35-48-3-11 via email that same day.

26) During the course of the investigation, Investigator Franko interviewed Walgreens Pharmacist Mitch Herzogg, who advised her that he had contacted KFHC on or about March 27, 2013, advising that an NP could not prescribe Schedule III and Schedule IV weight loss drugs, and faxed a copy of Indiana Code 35-48-3-11 to KFHC.

27) On February 5, 2014, Investigator Franko and the Affiant traveled to the KFHC and presented Lynch with a DEA Notice of Inspection. The Affiant requested Dunning's permission to inspect KFHC to determine if Dunning, Lynch, or others, were violating the Controlled Substances Act. Lynch and Dunning refused to consent or cooperate with the inspection, and advised ISP Franko and DEA Nowland to get a warrant. Prior to 2-5-2014 Dunning had never been inspected by DEA.

28) On March 19th, 2014, a search warrant was served and executed at the office of KFHC, Kouts, Indiana by MFCU, Indiana State Police, the Porter County Sheriff, and DEA. Medical records, as well as other records and documents related to controlled substance prescribing and dispensing were seized and reviewed.

29) On March 21, 2014, ISP Franko and Affiant interviewed Dr. Lauren Harting at her office in Hobart, Indiana. Harting told the Affiant that Lynch contacted her in 2009 or 2010 and asked Harting if she would act as her collaborating Physician. Harting said that Lynch represented herself to be an APN with prescriptive authority. Lynch offered to pay Harting a consulting fee for duties performed as the collaborating Physician for both Lynch and Dunning. According to Harting, the agreement further stipulated that Harting would review 5% of the patient records at KFHC on a monthly basis for the length of the agreement. Harting admitted that she never verified with the Indiana Professional Licensing Agency that Lynch was an APN or that she had prescriptive authority. Harting admitted that she never checked with DEA to see if Lynch had a DEA registration. Harting told the Affiant that when she visited KFHC for her monthly review of Lynch's and Dunning's controlled substance prescribing. Harting's focus was only on Lynch's and Dunning's prescribing of narcotics for pain. Harting said she never reviewed the patients receiving controlled substances for weight loss at KFHC. Harting said she was unaware that APN's with prescriptive authority were prohibited, by state law, to prescribe controlled substances for weight loss.

30) Harting told the Affiant that during a conversation with a drug company sales representative Harting discovered that she was the second largest prescriber of controlled substances for

Page 7 of 12

Lynch-00002097
Exhibit 25 _ Page 019

weight loss in northwest Indiana. Harting said she was shocked to learn this, because she wrote controlled substances for weight loss to fewer than five patients in her entire medical career. Harting said that after her conversation with the drug company sales representative she realized that her DEA registration was being used illegally and she immediately suspected that the illegal prescribing was occurring at KFHC. On February 4th, 2014 Harting stated that she went to KFHC and talked to Lynch. Harting told Lynch about the conversation with the drug company sales representative, and ended her collaborative agreement with Lynch and Dunning.

31) Harting said that she did not conspire with Lynch and Dunning to illegally distribute controlled substances, and did not "rent" her DEA registration to Lynch, Dunning or any other employee or practitioner at KFHC. Harting alleged that all of the controlled substance prescriptions issued to KFHC patients under Harting's DEA registration number were fraudulently submitted by Lynch, and/or employees of Lynch at KFHC without Harting's knowledge.

32) A review of INSPECT reveals that during 2012 and 2013 there were 860 prescriptions for phentermine and 787 prescriptions for phendimetrazine written utilizing Dr. Lauren Harting's DEA registration.

33) On 08/08/2014 ISP Franko interviewed a former employee of KFHC Kara Henry (Henry). Henry advised she was employed as a Medical Assistant at KFHC from 2011 until the end of March, 2014. Henry was asked to explain the medical records maintained at KFHC, specifically the Kouts Health Care Weight Loss Program Data Sheet (KHC Weight Loss Program Data Sheet). Henry explained that the data sheet appears in the patient medical chart, and contains a box that is labeled "INIT PROV." That box contains the initials of the provider who saw the patient during the office visit. "INIT MA" is the medical assistant that took the vitals of the patient on that particular day.

34) On November 24, 2014, the Affiant and others served a second search warrant at KFHC, 703 N. Main, Street, Kouts, Indiana. During the second search warrant service, Lynch was asked by the Affiant if there was any phendimetrazine or phentermine on the premises. Lynch told the Affiant that it had all been dispensed and nothing was left. Lynch added that she maintained a binder of dispensing logs listing each time phentermine or phendimetrazine was dispensed. The Affiant seized the dispensing logs and the purchase records for the two controlled substances as evidence. The purchase records show the phendimetrazine and phentermine were purchased by Sheets from A.F. Hauser and delivered to Sheets in Rensselaer by A.F. Hauser. No records were found at KFHC to explain why the phendimetrazine and phentermine that Sheets purchased was at KFHC being dispensed to two persons legally prohibited to do so.

*Counts I-III*

35) The medical chart of patient M.H. reveals that on or about 1/30/2014 she was seen at KFHC by Lynch, and the initials "KL" appear on the KFHC Weight Loss Program Data Sheet as the rendering provider. Former KFHC Employee, Kara Henry told ISP Franko that "KL" signified Kathy Lynch. The Affiant determined that no one else employed at

Lynch-00002098
Exhibit 25 _ Page 020

KFHC had the initials KL. The Indiana INSPECT report corroborated that M.H. received a prescription for phendimetrazine on 1/30/2014. The prescription was phoned into the CVS Pharmacy in Rensselaer Indiana by KFHC utilizing Harting's DEA registration and picked up by M.H. the same day. The prescription was obtained from CVS Pharmacy confirming the INSPECT data. M.H. was interviewed by ISP Franko and advised that she had been receiving phendimetrazine from KFHC since 2012. She advised that on or about 01/30/2014 she was seen at KFHC by Lynch. M.H. advised that she has never been treated by Karen Dunning at KFHC. M.H. said she has never been a patient of Dr. Lauren Harting. Harting confirmed that M.H. has never been her patient.

### Counts IV-VI

33) The medical chart of patient J.M reveals that on or about 02/08/2014 he was seen at KFHC by Lynch, and the initials "KL" appear on the KFHC Weight Loss Program Data Sheet as the rendering provider. INSPECT indicates that J.M. received on that date a prescription for phendimetrazine. The prescription was phoned into the Walgreens pharmacy in Crown Point, Indiana utilizing Harting's DEA registration and picked up by J.M. the same day. The prescription was obtained from Walgreens confirming the INSPECT data. J.M. was interviewed by ISP Franko and advised that he had been receiving phentermine from KFHC since 2011. He advised that on 02/08/2014 he was seen at KFHC by Lynch. He described her as "the owner" of KFHC, blond, approximately 5'6" tall and 200 lbs. J.M. advised that he has never been the patient of Dr. Lauren Harting. Harting confirmed that J.M. has never been her patient.

### Counts VII-IX

34) The medical chart of patient K.H. reveals that on 02/08/2014 she was seen at KFHC by Lynch, and the initials "KL" appear on the KFHC Weight Loss Program Data Sheet as the rendering provider. INSPECT indicates that K.H. received on that date a prescription for phentermine hydrochloride. The prescription was phoned into the CVS Pharmacy in Valparaiso Indiana by KFHC utilizing Harting's DEA registration and picked up by K.H. the same day. The prescription was obtained from CVS Pharmacy confirming the INSPECT data. K.H. was interviewed by ISP Franko and advised that she had been receiving phentermine from KFHC since 2011. She advised that she has been a patient of both Lynch and Dunning. K.H. said she has never been a patient of Dr. Lauren Harting. Harting confirmed that M.H. has never been her patient.

### Counts X-XII

35) The medical chart of patient Y.K. reveals that on 02/14/2014 she was seen at KFHC by Lynch, and the initials "KL" appear on the KFHC Weight Loss Program Data Sheet as the rendering provider. INSPECT indicates that Y.K. received on that date a prescription for phentermine. The prescription was phoned into the CVS Pharmacy in Demotte, Indiana by KFHC utilizing Harting's DEA registration and picked up by Y.K. the same day. The prescription was obtained from CVS Pharmacy confirming the INSPECT data. Y.K. was interviewed by ISP Franko and

Lynch-00002099
Exhibit 25 _ Page 021

advised that she had been receiving phentermine from KFHC since 2012. She advised that she has been a patient of both Lynch and Dunning. Y.K. said she has never been a patient of Dr. Lauren Harting. Harting confirmed that Y.K. has never been her patient.

*Counts XIII-XV*

36) The medical chart of patient M.E. reveals that on 02/15/2014 he was seen at KFHC by Lynch, and the initials "KL" appear on the KFHC Weight Loss Program Data Sheet as the rendering provider. INSPECT indicates that M.E. received on that date a prescription for phendimetrazine. The prescription was phoned into the CVS Pharmacy in La Porte Indiana by KFHC utilizing Harting's DEA registration and picked up M.E. the same day. The prescription was obtained from CVS Pharmacy confirming the INSPECT data. M.E. was interviewed by ISP Franko and advised that he had been receiving phendimetrazine from KFHC since 2012. He advised that he has been a patient of both Lynch and Dunning. M.E. said he has never been a patient of Dr. Lauren Harting. Harting confirmed that M.E. has never been her patient

*Counts XVI-XVIII*

37) The KFHC Weight Loss Medication Log reveals that on 08/21/2014, 30 phendimetrazine tablets, 105mg each, were dispensed to A.S. at KFHC.  A.S. was interviewed by DEA Group Supervisor (GS) Scott Brinks on January 6, 2015.  A.S. told GS Brinks that she received the phendimetrazine from Kathy Lynn Lynch on 08/21/2014 as recorded in the KFHC Weight Loss Medication Log.  A.S. told GS Brinks that she was never treated by a doctor for weight loss at KFHC.

*Counts XIX-XXI*

38) The KFHC Weight Loss Medication Log reveals that on 09/12/2014, 30 phendimetrazine tablets, 105mg each, was dispensed to C.P.D. at KFHC.  C.P.D. was interviewed by the Affiant on December 2, 2014. C.P.D. told the Affiant that she received the phendimetrazine from Kathy Lynn Lynch on 09/12/2014 as recorded in the KFHC Weight Loss Medication Log. C.P.D. told the Affiant that she was never treated by a doctor for weight loss at KFHC.

*Counts XXII-XXIV*

39) The KFHC Weight Loss Medication Log reveals that on 09/13/2014, 30 phendimetrazine tablets, 105mg each, was dispensed to H.D. at KFHC.  H.D. was interviewed by GS Brinks on December 2, 2014. C.P.D. told GS Brinks that she received the phendimetrazine from Kathy Lynn Lynch on 09/13/2014 as recorded in the KFHC Weight Loss Medication Log. H.D. told GS Brinks that she was never treated by a doctor for weight loss at KFHC.

*Count XXV*

40) On December 1, 2014, the Affiant collected records for phendimetrazine sales from A.F. Hauser Inc. to Dr. Patrick Jerome Sheets. On, or about, August 19, 2014 Sheets purchased

Lynch-00002100
Exhibit 25 _ Page 022

phendimetrazine from A.F. Hauser Inc. The phendimetrazine was delivered to Sheets at 208 W. Washington Street, Rensselaer, Indiana. According to Sheets, he agreed to deliver the phendimetrazine to Lynch at KFHC. On August 21, 2014, after Lynch received the phendimetrazine from Sheets, Lynch dispensed phendimetrazine to A.S. and others. During an interview of Sheets by the Affiant on December 11, 2014, Sheets stated that he agreed with Lynch to provide her with phendimetrazine for general dispensing at KFHC and Sheets provided the phendimetrazine on or about the days of delivery from A.F. Hauser. Sheets further acknowledged that no doctor practiced at KFHC and no required records were created or maintained regarding the illegal diversion of phendimetrazine to Lynch.

*Count XXVI*

41) On December 1, 2014, the Affiant collected records for phendimetrazine sales from A.F. Hauser Inc. to Dr. Patrick Jerome Sheets. On, or about, September 9, 2014 Sheets purchased phendimetrazine from A.F. Hauser Inc. The phendimetrazine was delivered to Sheets at 208 W. Washington Street, Rensselaer, Indiana. According to Sheets, he agreed to deliver the phendimetrazine to Lynch at KFHC. On September 12, 2014, after Lynch received the phendimetrazine from Sheets, Lynch dispensed the phendimetrazine to C.P.D., and others. During an interview of Sheets by the Affiant on December 11, 2014, Sheets stated that he agreed with Lynch to provide her with phendimetrazine for general dispensing at KFHC and Sheets provided the phendimetrazine on or about the days of delivery from A.F. Hauser. Sheets further acknowledged that no doctor practiced at KFHC and no required records were created or maintained regarding the illegal diversion of phendimetrazine to Lynch.

*Count XXVII*

42) On December 1, 2014, the Affiant collected records for phendimetrazine sales from A.F. Hauser Inc. to Dr. Patrick Jerome Sheets. On, or about, September 9, 2014 Sheets purchased phendimetrazine from A.F. Hauser Inc. The phendimetrazine was delivered to Sheets at 208 W. Washington Street, Rensselaer, Indiana. According to Sheets, he agreed to deliver the phendimetrazine to Lynch at KFHC. On September 13, 2014, after Lynch received the phendimetrazine from Sheets, Lynch dispensed the phendimetrazine to H.D., and others. During an interview of Sheets by the Affiant on December 11, 2014, Sheets stated that he agreed with Lynch to provide her with phendimetrazine for general dispensing at KFHC and Sheets provided the phendimetrazine on or about the days of delivery from A.F. Hauser. Sheets further acknowledged that no doctor practiced at KFHC and no required records were created or maintained regarding the illegal diversion of phendimetrazine to Lynch.

43) WHEREFORE this affiant respectfully requests that this Court issue a warrant for the arrest of Kathy Lynch on eight counts of Unlawful practice I.C. 25-22.5-8.2, five counts of Dealing in a schedule III controlled substance I.C. 35-48-4-2, two counts of Dealing in a schedule IV controlled substance I.C. 35-48-4-3, eight counts of Offenses relating to registration I.C. 35-48-4-14, three counts of Conspiracy to Deal in a schedule III controlled substances I.C. 35-48-4-2.

Page **11** of **12**

44) I affirm under the penalties of perjury that the foregoing representations are true to the best of my knowledge and belief.

Scott Nowland, Diversion Investigator
U.S. Drug Enforcement Administration
Merrillville Resident Office


Subscribed and sworn to before me on this 2⁸ day of January, 2015.

Brian T. Gensel
Prosecuting Attorney
67 Judicial District of Indiana

Page **12 of 12**

STATE OF INDIANA            )    IN THE PORTER SUPERIOR COURT
                           )SS:
COUNTY OF PORTER           )         CONTINUOUS TERM, 2015

STATE OF INDIANA

        FEB 0 4 2015

VS.            *Mary R. Harper* CAUSE NO. **64D0**5-150**1**-FB- 843
               Porter Circuit and Superior Court

**KAREN SUZANNE DUNNING**

<u>**ORDER**</u>

Comes now the State of Indiana by the Prosecuting Attorney for the 67th Judicial Circuit of Indiana, and filed information charging the defendant with the crime of:

**Count I**       **Dealing in a Schedule IV Controlled Substance, Class C Felony**
**Count II**      **Unlawful Practice, Class C Felony**
**Count III**     **Offense Related to Registration, Class D Felony**
**Count IV**      **Dealing in a Schedule III Controlled Substance, Class B Felony**
**Count V**       **Unlawful Practice, Class C Felony**
**Count VI**      **Offense Related to Registration, Class D Felony**
**Count VII**     **Dealing in a Schedule III Controlled Substance, Class B Felony**
**Count VIII**    **Unlawful Practice, Class C Felony**
**Count IX**      **Offense Related to Registration, Class D Felony**
**Count X**       **Dealing in a Schedule III Controlled Substance, Level 6 Felony**
**Count XI**      **Unlawful Practice, Level 5 Felony**
**Count XII**     **Offense Related to Registration, Level 6 Felony**
**Count XIII**    **Dealing in a Schedule III Controlled Substance, Level 6 Felony**
**Count XIV**     **Unlawful Practice, Level 5 Felony**
**Count XV**      **Offense Related to Registration, Level 6 Felony**
**Count XVI**     **Conspiracy to Deal in a Schedule III Controlled Substance, Level 6 Felony**

Along with an Affidavit to show probable cause for the Issuance of an Arrest Warrant, and Disclosure of Redacted Information.

Information examined and approved.  Court finds that probable cause exists for the issuance of a warrant for the arrest of the defendant.

Clerk ordered to issue a warrant for the arrest of the defendant to the Sheriff of Porter County, returnable forthwith.

Bond set at:  **$7,500 - Cash only**

_____
JUDGE, PORTER SUPERIOR COURT

| STATE OF INDIANA | ) | IN THE SUPERIOR COURT |
| COUNTY OF PORTER | ) SS:     FILED     OF PORTER COUNTY |

)CLERK KAREN M MARTIN

2015 FEB - 3  A  9: 34      CAUSE NO. 64D05-1502-FB- 843

PORTER CIRCUIT AND

STATE OF INDIANA

.  VS.

KAREN SUZANNE DUNNING
667 WEST 100 SOUTH
HEBRON, IN 46341
DOB: 12/18/1945
SS: Redaction #1

## INFORMATION

## COUNT I
DEALING IN A SCHEDULE IV CONTROLLED SUBSTANCE
CLASS C FELONY -I.C. 35-48-4-3(a)(l)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about March 4, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, who is not a physician, did knowingly deliver phentermine, a controlled substance to P.C., pure or adulterated, classified in Schedule IV, by prescribing said substance without authority of law to do so, and which P.C. filled at Walgreens Pharmacy in Valparaiso, Indiana, contrary to Indiana Code 35-48-4-3 (a)(l)(C) and against the peace and dignity of the State.

## COUNT II
UNLAWFUL PRACTICE
CLASS C FELONY –I.C. 25-22.5-8-1(a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about March 4, 2014, in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed phentermine, a Schedule IV controlled substance, to P.C. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

## COUNT III
OFFENSE RELATED TO REGISTRATION
CLASS D FELONY -I.C. 35-48-4-14(b)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about March 4, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, who is not a physician, did knowingly deliver phentermine, a Schedule IV controlled substance to P.C. by prescribing said substance without authority of law to do so,

1

Lynch-00002104
Exhibit 25 _ Page 026

and which P.C. filled at Walgreens Pharmacy in Valparaiso, Indiana, contrary to Indiana Code 35-48-4-14(b) and I.C. 35-48-3-11 and against the peace and dignity of the State.

## COUNT IV
DEALING IN A SCHEDULE III CONTROLLED SUBSTANCE
CLASS B FELONY -I.C. 35-48-4-2(a)(1)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about March 5, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, who is not a physician, did knowingly deliver phendimetrazine, a Schedule III controlled substance, to M.H by prescribing said substance without legal authority to do so and which M.H. filled at CVS Pharmacy in Rensselaer, Indiana, contrary to Code 35-48-4-2 (a)(l)(C) and against the peace and dignity of the State.

## COUNT V
UNLAWFUL PRACTICE
CLASS C FELONY –I.C. 25-22.5-8-l (a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about March 5, 2014, in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed phendimetrazine, a Schedule III controlled substance, to M.H. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

## COUNT VI
OFFENSE RELATED TO REGISTRATION
CLASS D FELONY -I.C. 35-48-4-14(b)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about March 5, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING who is not a physician, did knowingly deliver phendimetrazine, a Schedule III controlled substance, to MH by prescribing said substance without legal authority to do so, and which M.H. filled at CVS Pharmacy in Rensselaer, Indiana, contrary to Indiana Code 35-48-4-14(b) and I.C. 35-48-3-11 and against the peace and dignity of the State.

## COUNT VII
DEALING IN A SCHEDULE III CONTROLLED SUBSTANCE
CLASS B FELONY –I.C. 35-48-4-2(a)(1)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about March 10, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, did knowingly deliver phendimetrazine, a Schedule III controlled substance, to C.H., by prescribing said substance without legal authority to do so and which C.H. filled at Walgreens Pharmacy in Valparaiso, Indiana, contrary to Indiana Code 35-48-4-2 (a)(l)(C) and against the peace and dignity of the State.

2

Lynch-00002105
Exhibit 25 _ Page 027

**COUNT VIII**
UNLAWFUL PRACTICE
CLASS C FELONY –I.C. 25-22.5-8-1(a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about March 10, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, did knowingly practice medicine, as a physician, in the State of Indiana without holding a license or permit to do so in that she prescribed a Schedule III controlled substance to C.H. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

**COUNT IX**
OFFENSE RELATED TO REGISTRATION
CLASS D FELONY -I.C. 35-48-4-14(b)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about March 10, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, who is not a physician, did knowingly deliver phendimetrazine, a Schedule III controlled substance, to C.H., by prescribing said substance without legal authority to do so and which C.H which filled at Walgreens Pharmacy in Valparaiso, Indiana, contrary to Indiana Code 35-48-4-14(b) and I.C. 35-48-3-11 and against the peace and dignity of the State.

**COUNT X**
DEALING IN A SCHEDULE III CONTROLLED SUBSTANCE
LEVEL 6 FELONY -I.C. 35-48-4-2(a)(l)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about August 15, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, did knowingly deliver phendimetrazine, a Schedule III controlled substance, to P.F. by dispensing said substance without legal authority to do so at Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-48-4-2 (a)(l)(C) and against the peace and dignity of the State.

**COUNT XI**
UNLAWFUL PRACTICE
LEVEL 5 FELONY –I.C. 25-22.5-8-1 (a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about August 15, 2014, in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, who is not a physician, did knowingly deliver phendimetrazine, a Schedule III controlled substance, to P.F. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

3

Lynch-00002106
Exhibit 25 _ Page 028

**COUNT XII**
OFFENSE RELATED TO REGISTRATION
LEVEL 6 FELONY -I.C. 35-48-4-14(b)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about August 15, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, did knowingly deliver phendimetrazine, a Schedule III controlled substance, to P.F. by dispensing said substance without legal authority to do so at Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-48-4-2 (a)(l)(C) and against the peace and dignity of the State.

**COUNT XIII**
DEALING IN A SCHEDULE III CONTROLLED SUBSTANCE
LEVEL 6 FELONY -I.C. 35-48-4-2(a)(l)(C)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about August 27, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, did knowingly deliver phendimetrazine, a Schedule III controlled substance, to N.M., by dispensing said substance without legal authority to do so at Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-48-4-2 (a)(l)(C) and against the peace and dignity of the State.

**COUNT XIV**
UNLAWFUL PRACTICE
LEVEL 5 FELONY –I.C. 25-22.5-8-1(a)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about August 27, 2014, in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, who is not a physician, did knowingly deliver phendimetrazine, a Schedule III controlled substance, to N.M. for the purpose of weight loss or to treat obesity, contrary I.C. 25-22.5-8-2, 35-48-3-11, 35-48-4-2, and 35-48-4-14 and against the peace and dignity of the State.

**COUNT XV**
OFFENSE RELATED TO REGISTRATION
LEVEL 6 FELONY -I.C. 35-48-4-14(b)

Scott Nowland, upon information and belief, affirms under the penalty of perjury that on or about August 27, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING, who is not a physician, did knowingly deliver phendimetrazine, a Schedule III controlled substance, to N.M. by dispensing said substance without legal authority to do so at Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-48-4-14(b) and I.C. 35-48-3-11 and against the peace and dignity of the State.

**COUNT XVI**
CONSPIRACY TO DEAL IN A SCHEDULE III CONTROLLED SUBSTANCE
LEVEL 6 FELONY -I.C. 35-41-5-2

4

Scott Nowland, upon information and belief, affirms under the penalty of perjury that from August 19, 2014 until August 27, 2014 in the County of Porter, State of Indiana, KAREN SUZANNE DUNNING did, with intent to commit Dealing in a Schedule III Controlled Substance, agree with Dr. PATRICK JEROME SHEETS to divert phendimetrazine, a controlled substance, pure or adulterated, classified in Schedule III, to Kouts Family Health Care Inc., and  dispensed said substance to N.M. of Kouts Family Health Care Inc., in Kouts, Indiana, contrary to Indiana Code 35-41-5-2 and 35-48-4-2 (a)(l)(C) and against the peace and dignity of the State.

Scott Nowland, Diversion Investigator
U.S. Drug Enforcement Administration
Merrillville Resident Office

Approved by me this **29** day of January, 2015.

Brian T. Gensel
Prosecuting Attorney
67th Judicial Circuit of Indiana


Witnesses:
P.C.
M.H.
C.H.
N.M.
P.M.
Mitch Herzogg, RPh
Representative of CVS Pharmacies
Representative of Walgreens Pharmacies
Representative of A.F. Hauser Inc.
Drew Adams, Deputy Indiana Attorney General – MFCU
Kathy Franko, Master Trooper, Indiana State Police
Juan Morales, Diversion Investigator DEA
Jennifer Tucker, Diversion Investigator DEA
Scott Brinks, Diversion Group Supervisor DEA
Stephen Morgan, Intelligence Research Specialist DEA
Any and all witnesses listed by the defense

5

STATE OF INDIANA )                    FILED
                  )                  CLERK KAREN M ... IN THE SUPERIOR COURT
                  ) SS:                              OF PORTER COUNTY
COUNTY OF PORTER  )                  2015 FEB -3  A  9 24
                  )                            CAUSE NO. 64D05-1502-FB-843
                                     PORTER CIRCUIT AND

STATE OF INDIANA

    VS.

KAREN SUZANNE DUNNING
667 WEST 100 SOUTH
HEBRON, IN 46341
DOB: 12/18/1945
SS: Redaction #1

## AFFIDAVIT OF PROBABLE CAUSE FOR ARREST WARRANT

1) I, Scott Nowland, am a Diversion Investigator, for the United States Drug Enforcement
Administration (DEA), being duly sworn, depose and state that I believe probable cause exists
in the County of Porter, State of Indiana, to arrest Karen Suzanne Dunning for the
following violations of the Indiana Code:

    A. Five counts of Unlawful practice
    I.C. 25-22.5-8.1, Class C Felonies or Level 5 felonies after June 30, 2014

    B. Four counts of Dealing in a schedule III controlled substance
    I.C. 35-48-4-2, Class B felonies or Level 6 felonies after June 30, 2014

    C. One count of Dealing in a schedule IV controlled substance
    I.C. 35-48-4-3, Class D felony before June 30, 2014

    D. Five counts of Offenses relating to registration
    I.C. 35-48-4-14, Class D felonies or Level 6 felonies after June 30, 2014

    E. One count of Conspiracy to Deal in a schedule III controlled substances
    I.C. 35-48-4-2, Class B felony or Level 6 felony after June 30, 2014

2) I am a Diversion Investigator for the United States Drug Enforcement Administration
(DEA). I have been a Diversion Investigator since 2004. I am currently assigned to the
DEA Resident Office in Merrillville, Indiana and have been so assigned since August of
2004. My official duties include enforcement of the federal Controlled Substances Act
(CSA).

3) Prior to my employment by the DEA I was an Indiana State Police Officer from 1993 to 2004

**Page 1 of 11**

Lynch-00002109
Exhibit 25 _ Page 031

and for seven of the ten years as a State Police Officer, I was a Undercover Detective assigned to ISP's Drug Enforcement Section.  As both an Indiana State Police Officer and a DEA Diversion Investigator, I have been involved in numerous narcotic investigations.  I have received training relating to enforcement of the Indiana controlled substances laws, and the federal CSA including but not limited to the following:

    A. My initial training at the Indiana State Police Academy occurred in 1993.  I have satisfied the trooper training requirements established by rules adopted by the law enforcement training board under I.C. 5-2-1-9 and described in I.C. 35-37-4-5;

    B. I completed the DEA's Basic and Advanced Diversion Investigator Courses as well as courses in financial and internet investigations;

    C. I have attended multiple training sessions in the area of undercover narcotics investigation and practiced the techniques during my time in the Indiana State Police Drug Enforcement Section;

    D. Continuing in-service training;

4) Based upon my training and experience, I am familiar with the methods employed by individuals engaged in the illegal diversion of controlled substances. I have investigated or participated in numerous drug diversion investigations.  I have received specialized training in the investigation of the diversion of controlled substances by DEA registrants and non-registrants.

5) I have personally reviewed all case and interview reports, photographs, statements, transcripts, and other records created by all investigators working on this investigation, and working under my supervision and control.

6) I am currently assigned to investigate the prescribing and dispensing of controlled substances by Karen Suzanne Dunning, (Dunning). My assignment is to determine if Dunning prescribed and/or dispensed controlled substances without a valid Indiana Controlled Substance Registration (CSR) or DEA Registration in violation of the Controlled Substances Act and Indiana law.

7) Dunning is an Employee of Kouts Family Health Care, Inc. (KFHC) at 703/705 N. Main Street, Kouts, Indiana.  KFHC is owned and operated by Dunning's immediate supervisor, Kathy Lynn Lynch (Lynch).

8) I have participated in the investigation of the offenses described within this affidavit. The statements contained in this affidavit are based in part on information provided by and conversations with members of DEA, Indiana State Police, Investigators assigned to the Indiana Medicaid Fraud Control Unit (MFCU), and based on my experience, education, training and background. This is a joint investigation by DEA, ISP and MFCU.

9) Because this affidavit is being submitted for the purpose of securing an arrest warrant I have

**Page 2 of 11**

Lynch-00002110
Exhibit 25 _ Page 032

not included each and every fact that has been revealed through the course of this investigation, I have only set forth the facts that are believed necessary to establish the required foundation for the issuance of the requested arrest warrant.

*Synopsis of Applicable Statutes and Case Law*

10) Dunning is being investigated for violations of I.C. 35-48-4-2, Dealing in a schedule I, II or III controlled substance, a Class B felony, I.C. 25-22.5-8-2 Unlawful Practice, a Class C Felony, I.C. 35-48-4-3 Dealing in a schedule IV controlled substance, a Class C felony, I.C. 35-48-4-14, Offenses relating to registration, and I.C. 35-41-5-2, Conspiracy to deal in a schedule III controlled substance.

11) I.C. 35-48-3-11 sets forth that only a physician licensed under I.C. 25-22.5 may treat a patient with a Schedule III or Schedule IV controlled substance for the purpose of weight reduction or to control obesity.

12) I.C. 25-22.5-1-1.1(g) defines a Physician as "any person who holds the degree of doctor of medicine or doctor of osteopathy or its equivalent and who holds a valid unlimited license to practice medicine or osteopathic medicine in Indiana."

13) Nurse Practitioner is defined in 848 IAC 4-1-4 as "an advanced practice nurse who provides advanced levels of nursing client care in a specialty role, who meets the requirements of an advanced practice nurse as outlined in section 3 of this rule, and who has completed any of the following:
    (1) A graduate program offered by a college or university accredited by the Commission on Recognition of Postsecondary Accreditation which prepares the registered nurse to practice as a nurse practitioner and meets the requirements of section 6 of this rule.
    (2) A certificate program offered by a college or university accredited by the Commission on Recognition of Postsecondary Accreditation which prepares the registered nurse to practice as a nurse practitioner and meets the requirements of section 6 of this rule. Nurse practitioners who complete a certificate program must be certified and maintain certification as a nurse practitioner by a national organization which requires a national certifying examination.
    (3) Prior to the promulgation of this article, the following:
        (A) A formal organized program of study and clinical experience which prepares the registered nurse to practice as a nurse practitioner.
        (B) The required program of study at a time when there was no credentialing or certification process available in the specialty area of the program of study.
(b) "NP" means nurse practitioner and are the designated authorized initials to be used by the nurse practitioner." An NP does not have prescriptive authority.

14) Advanced Practice Nurse (APN) is defined in 848 IAC 4-1-3 as "a registered nurse holding a current license in Indiana who:
    (1) has obtained additional knowledge and skill through a formal, organized program of study and clinical experience, or its equivalent, as determined by the board;

**Page 3 of 11**

Lynch-00002111
Exhibit 25 _ Page 033

(2) functions in an expanded role of nursing at a specialized level through the application of advanced knowledge and skills to provide healthcare to individuals, families, or groups in a variety of settings, including, but not limited to:

      (A) homes;
      (B) institutions;
      (C) offices;
      (D) industries;
      (E) schools;
      (F) community agencies;
      (G) private practice;
      (H) hospital outpatient clinics; and
      (I) health maintenance organizations; and

(3) makes independent decisions about the nursing needs of clients.

(b) The three (3) categories of advanced practice nurses as defined in IC 25-23-1-1 are as follows:

      (1) Nurse practitioner as defined in section 4 of this rule.
      (2) Certified nurse-midwife as defined in 848 IAC 3-1.
      (3) Clinical nurse specialist as defined in section 5 of this rule."

15) In accordance with 848 IAC 5-1-1 APNs, unlike NPs, may additionally be authorized to prescribe legend drugs, including controlled substances, only if the APN additionally complies with 848 IAC 5-1-1. Within 848 IAC 5-1-1 APNs are specifically required to:

- Submit proof of collaboration with a licensed practitioner, 848 IAC 5-1-1(a)(7);
- Obtain an Indiana Controlled Substance Registration 848 IAC 5-1-1(d);
- Obtain a DEA Registration 848 IAC 5-1-1(d);

16) 856 I.A.C 2-2-4 sets forth that phendimetrazine is a Schedule III controlled substance. It is an FDA approved drug used to treat obesity.

17) 856 I.A.C. 2-2-5 sets forth that phentermine is a Schedule IV controlled substance. It is an FDA approved drug used to treat obesity.

18) Indiana Administrative Code 856 IAC 2-6-3 sets forth the prescribing standards for all practitioners. 856 IAC 2-6-3 states in part as follows: "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose in a reasonable quantity by an individual practitioner acting in the usual course of his professional practice."

19) Title 21 of the Code of Federal Regulations (21 CFR), Part 1306.04 also provides that a prescription for a controlled substance must be issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice. 21 CFR 1306.05 sets forth that a prescription may be prepared by a secretary or agent for the signature of the practitioner, or in the case of a Schedule III, IV or V controlled substance an agent may communicate a valid prescription to a pharmacy by telephone but the prescribing practitioner is responsible in case the prescription does not conform in all essential respects to the law and regulation. The Controlled Substances Act does not permit a prescribing

**Page 4 of 11**

Lynch-00002112
Exhibit 25 _ Page 034

practitioner to delegate to any agent or any other person the authority to issue a prescription for a controlled substance. A practitioner acting in the usual course of his or her professional practice must determine there is a legitimate medical purpose for the controlled substance prescription and an agent may not make this determination.

*Indiana INSPECT program*

20) In this document I have relied upon data obtained from the Indiana *INSPECT* Program. The Indiana General Assembly passed legislation in the mid-1990s that required the collection of controlled substance data through a central repository. At its inception, Indiana's prescription drug monitoring program required licensed pharmacies in Indiana to report on dispensed scheduled controlled substances. In early 2004, grant funding and an act of the legislature helped create *INSPECT* in its present form, a robust database, which is accessible via the Internet by both practitioners and law enforcement personnel.

21) An *INSPECT* report summarizes the controlled substances that were dispensed to a patient by an Indiana pharmacist, and reported by an Indiana pharmacist to INSPECT. Each time a controlled substance is dispensed, the dispenser is required to submit biographical data about the patient as well as the drug, the quantity prescribed and the number of days for which the drug is to be taken.  In essence, the information that is required to be included on a prescription label must also be included in the report to *INSPECT*.

22) While the *INSPECT* program does not guarantee that its data is one-hundred percent accurate, I have found the data to be extremely reliable. In conducting and participating in numerous investigations, my colleagues and I have found very few discrepancies in *INSPECT* data when comparing the information to the prescriptions forms issued by the practitioner. In addition, select prescriptions were collected and corroborated the *INSPECT* data in this case.

*Background*

23) According to the Indiana Professional Licensing Agency, Dunning is licensed as a Registered Nurse, License number 28099757A. Dunning's RN license expires 10-31-2015. Dunning certified as an APN on July 31, 1998 and obtained an Indiana Controlled Substance Registration as an APN on the same date under APN Certificate number 71000497A and APN controlled registration number 71005050B.

24) Myrna D. Trowbridge (Trowbridge) was a licensed Physician in the State of Indiana. Trowbridge was registered with DEA as a Practitioner under DEA registration BT0633075 at 850C Marsh Street, Valparaiso, Indiana 46385.  According to a collaborative agreement, collected by the Affiant at KFHC on March 19, 2014, Dunning and Trowbridge signed a collaborative agreement on October 30, 2002. It is unknown when the collaborative agreement between Trowbridge and Dunning ended but a letter

**Page 5 of 11**

Lynch-00002113
Exhibit 25 _ Page 035

from Kathy Lynch dated September 3, 2010, indicated that KFHC's association with Trowbridge ended in September of 2008. Trowbridge never practiced medicine at KFHC. Trowbridge retired on January 4, 2011, and died from cancer on October 18, 2012. According to INSPECT, from 1-4-2011 to 10-24-2013 fifty controlled substance prescriptions were filled by patients of KFHC under authority of Trowbridge's retired DEA registration number.

25) Lauren W. Harting (Harting) is a licensed Physician in the State of Indiana. Harting is registered with DEA as a Practitioner under DEA registration BH8978972 at 1356 South Lake Park Avenue, Hobart, Indiana 46342. According to the Indiana Board of Nursing (Board), Lynch, Dunning, and Harting signed a collaborative agreement on August 15, 2009. The agreement was terminated by Harting on March 4, 2014. According to Harting, she has never practiced medicine at KFHC, nor treated any patients at KFHC.

26) Patrick Jerome Sheets (Sheets) is a licensed Physician in the State of Indiana. Sheets is registered with DEA as a Practitioner under DEA registration BS7016529 at 208 W. Washington Street, Rensselaer, Indiana 47978. According to the Board, Lynch, Dunning, and Sheets filed a collaborative agreement on August 4, 2014. The agreement was terminated by Sheets on December 28, 2014. According to Sheets, he has never practiced medicine at KFHC, nor treated any patients at KFHC.

27) Jeffrey Smith (Smith) is a licensed Physician in the State of Indiana. Smith was registered with DEA as a Practitioner under DEA registration AS1238799 at 2933 45th Avenue, Highland, Indiana 446322. According to the Board, Lynch, Dunning, and Smith filed collaborative agreement on December 18, 2014. The agreement was terminated by Smith on December 28, 2014. According to Smith, he has never practiced medicine at KFHC, nor treated any patients at KFHC. On January 12, 2015, Smith told the Affiant that he hasn't been at KFHC since 1999 and never verified that either Lynch or Dunning were licensed or registered as APNs. Smith told the Affiant that he terminated his collaborative agreement with Dunning and Lynch on January 13, 2015.

28) Dunning was registered with DEA as a Mid-Level Practitioner under DEA registration MD0354655 from August 11, 1998, until the registration expired on June 30, 2010. During that time, Dunning's DEA registered location was USS Family Medical Center, 251 West 84th Drive, Merrillville, Indiana 46410 from April 6, 2004 until . According to Deborah Berk at USS Family Medical Center, Dunning stopped working at USS Family Medical Center on September 13, 2008, rendering Dunning's collaborative agreement with Dr. Raphael E. Albert invalid.

29) Karen Dunning also entered a collaborative agreement with Dr. Myrna Trowbridge on or about October 30, 2002. Kathy Lynch, Dunning's Employer, issued a letter, acquired by the Affiant as evidence on March 19, 2014, stating that Dr. Myrna Trowbridge was no

Lynch-00002114
Exhibit 25 _ Page 036

longer associated with Kouts Family Health Care as of September of 2008. Based on the letter from Lynch and the information from USS Family Medical Center, Dunning failed to request DEA approval to change her registered location to KFHC from September 13, 2008 to June 30, 2010.

30) From July 1, 2010 until October 3, 2010, Dunning did not have a DEA registration. On October 4, 2010, Dunning obtained a new DEA registration as a Mid-Level Practitioner under DEA registration number MD2249161. Dunning's registered location on her second DEA registration was 703 N. Main Street, Kouts, Indiana 46347 (KFHC) Dunning's second DEA registration was suspended by the DEA Administrator on January 9, 2015 and the notice of suspension was served to Dunning on January 14, 2015 by the Affiant and other representatives of law-enforcement.

31) Only during the periods of time where Dunning had a valid collaborative agreement on file with the Board and a valid DEA registration, could she prescribe controlled substances in Indiana for legitimate medical purposes. Dunning was never permitted to prescribe or dispense Schedule III or IV controlled substances for weight reduction or to control obesity as stated in I.C. 35-48-3-11.

*Summary of Investigation*

32) Based on information set forth in this affidavit, the Affiant has probable cause to believe that Dunning prescribed and dispensed controlled substances in Schedules III and IV for the purpose of weight reduction or to control obesity in violation of IC Indiana Code 35-48-3-11. Specifically, the Affiant has probable cause to believe that Dunning prescribed phendimetrazine, a Schedule III controlled substance and phentermine, a Schedule IV controlled substance, for weight loss. Both substances are FDA approved to treat obesity.

33) The law is clear, only a physician can prescribe phendimetrazine and phentermine for weight loss. There is also probable cause to believe Dunning dispensed phendimetrazine and phentermine with said drugs supplied illegally to Dunning by Lynch and Dr. Patrick Jerome Sheets.

*Investigation*

34) This case came to the Affiant's attention after pharmacies in Porter and Starke Counties in Indiana complained to ISP Diversion Investigator Kathy Franko that Lynch and Dunning were prescribing phentermine, and phendimetrazine, to customers at KFHC contrary to Indiana Code 35-48-3-11. Investigator Franko contacted the Affiant and requested that the DEA join ISP's investigation of the complaints.

35) The Affiant verified with the Indiana Professional Licensing Agency that Dunning was licensed in Indiana as a Registered Nurse, License 28099757A. Dunning's RN license expires on 10-31-2015. The Affiant verified that Dunning was certified as an APN until

Lynch-00002115
Exhibit 25 _ Page 037

10-31-2015 and had a valid Indiana Controlled Substance Registration (CSR) as an APN; number 71005050B. The Affiant verified that Dunning was registered with DEA, as a Mid-Level Practitioner and that Dunning cannot prescribe controlled substances specifically restricted to duly licensed and registered practitioners. The Affiant confirmed with Dunning and Lynch that Dunning was employed at KFHC by Lynch.

36) The Affiant confirmed with the Indiana Board of Nursing that Dunning had three collaborative agreements on file. The first collaborative agreement was with Harting for a period from August 15, 2009 to February 6, 2014.  The second collaborative agreement was with Sheets and was filed with the Board on August 4, 2014 until December 28, 2014. The third collaborative agreement filed with the Board on December 18, 2014 was with Smith and was terminated on January 13, 2015.

37) ISP Franko told the Affiant that she spoke with Lynch on or about January 24, 2014 and advised her of the complaint received concerning the prescriptions for Schedule III and Schedule IV weight loss drugs in violation of Indiana Code 35-48-3-11. Lynch advised that was "old law" and the collaboration agreement with Dr. Lauren Harting (Harting) allowed both Lynch and Dunning to prescribe Schedule III and Schedule IV weight loss drugs. ISP Franko advised Lynch that she was incorrect, and provided her with a copy of I.C. 35-48-3-11 via email the same day.

38) During the course of the investigation, Investigator Franko interviewed Walgreens Pharmacist Mitch Herzogg, who advised her that he had contacted KFHC on or about March 27, 2013, advising that an NP could not prescribe Schedule III and Schedule IV weight loss drugs, and faxed a copy of Indiana Code 35-48-3-11 to KFHC.

39) On February 5, 2014, Investigator Franko and the Affiant traveled to the KFHC and presented Lynch with a DEA Notice of Inspection.  The Affiant requested Dunning's permission to inspect KFHC to determine if Dunning, Lynch, or others, were violating the Controlled Substances Act. Lynch and Dunning refused to consent or cooperate with the inspection, and advised ISP Franko and DEA Nowland to get a warrant. Prior to 2-5-2014 Dunning had never been inspected by DEA.

40) On March 19th, 2014, a search warrant was served and executed at the office of KFHC, Kouts, Indiana by MFCU, Indiana State Police, the Porter County Sheriff, and DEA. Medical records, as well as other records and documents related to controlled substance prescribing and dispensing were seized and reviewed.

41) On March 21, 2014, ISP Franko and Affiant interviewed Dr. Lauren Harting at her office in Hobart, Indiana. Harting told the Affiant that Lynch contacted her in 2009 or 2010 and asked Harting if she would act as her collaborating Physician. Harting said that Lynch represented herself to be an APN with prescriptive authority. Lynch offered to pay Harting a consulting fee for duties performed as the collaborating Physician for both Lynch and Dunning. According to Harting, the agreement further stipulated that Harting would review 5% of the patient records at KFHC on a monthly basis for the length of the agreement. Harting told the Affiant that

Lynch-00002116
Exhibit 25 _ Page 038

when she visited KFHC for her monthly review of Lynch's and Dunning's controlled substance prescribing, Harting said she only reviewed Lynch and Dunning's prescribing of narcotics for pain. Harting said she never reviewed the records of patients receiving controlled substances for weight loss. Harting said she was unaware that APN's with prescriptive authority were prohibited, by state law, to prescribe controlled substances for weight loss.

42) Harting admitted that she never verified with the Indiana Professional Licensing Agency that Lynch and Dunning were actually certified and registered as APNs Harting admitted that she never checked with DEA to see if Lynch or Dunning had a DEA registration.

43) Harting explained that, during a conversation with a drug company sales representative, she discovered that she was the second largest prescriber of controlled substances for weight loss in northwest Indiana. Harting said she was shocked to learn this, because she wrote controlled substances for weight loss to fewer than five patients in her entire medical career. Harting said that after her conversation with the drug company sales representative she realized that her DEA registration was being used illegally and she immediately suspected that the illegal prescribing was occurring at KFHC. On February 4th, 2014 Harting stated that she went to KFHC and talked to Lynch. Harting told Lynch about the conversation with the drug company sales representative, and ended her collaborative agreement with Lynch and Dunning.

44) Harting said that she did not conspire with Lynch and Dunning to illegally distribute controlled substances, and did not "rent" her DEA registration to Lynch, Dunning or any other employee or practitioner at KFHC. Harting alleged that all of the controlled substance prescriptions issued to KFHC patients under her DEA registration number were fraudulently submitted by Lynch, and/or employees of Lynch and KFHC without Harting's knowledge.

32) A review of Indiana INSPECT reveals that during 2012 and 2013 there were 955 prescriptions for phentermine and 1093 prescriptions for phendimetrazine written utilizing Karen Dunning's DEA registration.

33) A review of INSPECT reveals that during 2012 and 2013 there were 860 prescriptions for phentermine and 787 prescriptions for phendimetrazine written utilizing Harting's DEA registration.

34) On 08/08/2014 ISP Franko interviewed a former employee of KFHC Kara Henry (Henry). Henry advised she was employed as a Medical Assistant at KFHC from 2011 until the end of March, 2014. Henry was asked to explain the medical records maintained at KFHC, specifically the Kouts Health Care Weight Loss Program Data Sheet (KFHC Weight Loss Program Data Sheet). Henry explained that the data sheet appears in the patient medical chart, and contains a box that is labeled "INIT PROV." That box contains the initials of the provider who saw the patient during the office visit. "INIT MA" is the medical assistant that took the vitals of the patient on that particular day.

35) On November 24, 2014, the Affiant and others served a second search warrant at KFHC, 703 N. Main, Street, Kouts, Indiana.  During the second search warrant service, Lynch was asked

Lynch-00002117
Exhibit 25 _ Page 039

by the Affiant if there was any phendimetrazine or phentermine on the premises. Lynch told the Affiant that it had all been dispensed and nothing was left. Lynch added that she maintained a binder of dispensing logs listing each time phentermine or phendimetrazine was dispensed. The Affiant seized the dispensing logs and the purchase records for the two controlled substances as evidence. The purchase records show the phendimetrazine and phentermine were purchased by Sheets from A.F. Hauser and delivered to Sheets in Rensselaer by A.F. Hauser. No records were found at KFHC to explain why the phendimetrazine and phentermine that Sheets purchased was at KFHC being dispensed to two persons legally prohibited to do so.

### Counts I-III

36)   The medical chart of patient P.C. reveals that on or about March 4, 2014 she was seen at KFHC by Dunning, and Dunning's initials appear on the KFHC Weight Loss Program Data Sheet as the rendering provider. The KFHC Weight Loss Program Data Sheet also reflects a "script given." INSPECT indicates that P.C. received a prescription on that date for phentermine and that the prescription was filled by P.C. at Walgreens in Valparaiso, Indiana the same day. A copy of this prescription was also found in P.C.'s medical chart, signed by Dunning. The prescription was obtained from Walgreens Pharmacy confirming the INSPECT data and the March 4, 2014 script. P.C. was interviewed by ISP Franko and advised that she had been receiving phentermine from KFHC since 2007. She advised that she had been a patient of both Lynch and Dunning. She advised that she has never been a patient of Dr. Lauren Harting or Dr. Patrick Sheets. Harting confirmed that P.C. has never been her patient.

### Counts IV-VI

37) The medical chart of patient C.H. reveals that on 03/10/2014 she was seen at KFHC by Dunning and Dunning's initials appear on the K.HC Weight Loss Program Data Sheet as the rendering provider. INSPECT indicates that C.H. received on that date a prescription for phendimetrazine and that the prescription was filled at Costco Pharmacy in Merrillville, Indiana by C.H. the next day. A copy of that prescription was obtained from Costco, and it clearly bears the signature of Dunning. That prescription was for Bontril, a brand name for phendimetrazine. C.H. was interviewed by ISP Franko and advised that she had been receiving phendimetrazine from KFHC since 2010. C.H. said she was only a patient of Lynch and never been a patient of Dunning, Harting or Dr. Patrick Sheets. C.H. said she did not know who Dunning is. Harting verified that C.H. has never been her patient.

### Counts VII-IX

38) The medical chart of patient M.H. reveals that on 03/05/2014 she was seen at KFHC by Dunning and Dunning's initials appear on the KFHC Weight Loss Program Data Sheet as the rendering provider. INSPECT indicates that M.H. received on that date a prescription for phendimetrazine tartrate and that the prescription was picked up from CVS Pharmacy in Rensselaer, Indiana by M.H. the same day. A copy of that prescription was obtained from CVS and it clearly bears the signature of Dunning. That prescription was for Bontril, a brand name for phendimetrazine. M.H. was interviewed by ISP Franko and advised that she had been

Lynch-00002118
Exhibit 25 _ Page 040

receiving phendimetrazine from KFHC since 2012. She advised that she has never been a patient of Dunning, Harting or Dr. Patrick Sheets. Harting verified that M.H. has never been her patient.

*Counts X-XII*

39) The KFHC Weight Loss Medication Log reveals that on 08/15/2014, 30 phendimetrazine tablets, 105mg each, were dispensed to P.F. at KFHC. P.F. was interviewed by DEA Group Supervisor (GS) Scott Brinks on January 8, 2015. P.F. told GS Brinks that she received the phendimetrazine under the direction of Karen Dunning on 08/15/2014 and that Dunning was present as the phendimetrazine was handed to her by a KFHC medical assistant as recorded in the KFHC Weight Loss Medication Log. P.F. told GS Brinks that she was never treated by a doctor for weight loss at KFHC.

*Counts XIII-XVI*

40) The KFHC Weight Loss Medication Log reveals that on 08/27/2014, 30 phendimetrazine tablets, 105mg each, were dispensed to N.M. at KFHC. N.M. was interviewed by DEA Group Supervisor (GS) Scott Brinks on December 4, 2014. N.M. told GS Brinks that she received the phendimetrazine from Karen Dunning on 08/27/2014 as recorded in the KFHC Weight Loss Medication Log. N.M. told GS Brinks that she was never treated by a doctor for weight loss at KFHC.

41) WHEREFORE this affiant respectfully requests that this Court issue a warrant for the arrest of Karen Dunning for five counts of Unlawful Practice, I.C. 25-22.5-8.2, four counts of Dealing in a Schedule III Controlled Substance, I.C. 35-48-4-2, one count of Dealing in a Schedule IV Controlled Substance I.C. 35-48-4-3, five counts of Offenses Relating to Registration, I.C. 35-48-4-14, one count of Conspiracy to Deal in a Schedule III Controlled Substance, I.C. 35-48-4-2,

42) I affirm under the penalties of perjury that the foregoing representations are true to the best of my knowledge and belief.

Scott Nowland, Diversion Investigator
U.S. Drug Enforcement Administration
Indiana Office of the Attorney General

Subscribed and sworn to before me on this 29 day of January , 2015.

Deputy Prosecuting Attorney
67 Judicial District of Indiana

Lynch-00002119
Exhibit 25 _ Page 041